THOMAS HIGGINS *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     January 17, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Claim of jury. *Jury and Jurors,* Claim of jury. *Words,* "Notice."

The words "Plaintiff claims trial by jury," typewritten at the top of the back of a writ, at the bottom of which below the printed words "From the office of" are typewritten the name and address of the plaintiff's attorney, are a sufficient filing of a notice under R. L. c. 173, § 56, that the plaintiff asserts his constitutional right to a trial by jury.

RUGG, C. J. The single question is whether the plaintiff claimed a trial by jury. The facts are these: This is an action of tort. On the outside of the writ at the top and above the lines where the name of the plaintiff and that of the defendant were placed, there were typewritten the words "Plaintiff claims trial by jury." At the bottom of the outside of the writ and below the blanks for showing the successive steps in the progress of the action, appeared the printed words "From the office of," and still lower in typewriting the name and address of the plaintiff's attorney. It is provided

in R. L. c. 173, § 56, that "A separate list of cases which are to be tried by a jury, shall be kept . . . and no action shall be entered thereon . . . unless a party . . . [within a defined time] . . . files a notice that he desires a trial by jury." Trial by jury in the ordinary action at law is a right secured by the Constitution. Declaration of Rights, art. 15. The statute does not infringe this right, for it merely regulates the mode in which it shall be enjoyed. *Foster* v. *Morse*, 132 Mass. 354. The rules of the Superior Court have not defined the formality for indicating this claim. Although within reasonable limits the Legislature by statute and the courts by rule may regulate the means by which the right to trial by jury shall be exercised or obtained, it is nevertheless a constitutional right. It is to be treated not lightly but as a right secured by the fundamental law of the land. The language of the statute does not mean necessarily that the notice must be a distinct and independent pleading. The word "notice" without further qualifying phrase does not involve the idea of great formality. The essential thing is to frame it so as to convey indubitable information of the intention of the person making it to the clerk who must make up the list of jury claimed and jury waived cases, and determine to which class the particular case belongs, and also the same information to the other party to the action. To accomplish this end it should be conspicuous in form and certain in terms. The back of the original writ has been used for a long time as the proper place for the name of the attorney by whom it is sued out. The important liability for costs in case the plaintiff is a non-resident follows from this position of the name of the attorney. There is no inherent impropriety in placing upon the writ any brief matter incidental to the cause. The words in the case at bar are plain in meaning. They show unmistakably the intention of the person who wrote them to assert for the plaintiff his constitutional right to a jury trial. They are conspicuous in position. No one looking at the writ could fail to observe them and comprehend their meaning. They are above the name of the attorney whose signature even though in typewriting assumes responsibility for that which stands above it. In the absence of any court rule or more definite statute governing the subject, we are of opinion that the plaintiff did enough to express his intention to claim a trial by jury.

*Baltimore City Passenger Railroad* v. *Nugent*, 86 Md. 349, is

relied on by the defendant as an authority against this view. But there the jury claim was interwoven with the declaration and not in a place where it would attract the attention of those to whom the notice should be given.

The plaintiff's motion to place his case upon the jury list should have been granted, and the order denying it is reversed.

*So ordered.*

*W. P. Kelley,* for the plaintiff.

*W. G. Thompson,* (*M. T. Hazen* with him,) for the defendant.