MARGARET T. SHIELDS *vs.* WILLIAM B. LEBRECHT.

Worcester.   January 10, 1963. — January 30, 1963.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Jury trial.

Where the words "Plaintiff gives notice that he desires a trial by jury" printed on the back of a writ below the name of the attorney from whose office the writ came were changed by adding and deleting letters in typewriting and ink so as to read "Plaintiffs give notice that they desire a trial by jury," there was a sufficient claim of trial by jury notwithstanding that a dotted line below such words was left blank and there was a custom in the county to insert the name of the plaintiff or counsel on that line.

CONTRACT OR TORT.   Writ in the Superior Court dated May 12, 1960.

Denial of a motion was reported by *Meagher,* J.

*Thomas B. Shea,* for the plaintiff, submitted a brief.

No argument nor brief for the defendant.

WILKINS, C.J.   This is a report of the question as to the correctness of the judge's denial of the plaintiff's motion

that the case be removed from the nonjury trial list and placed upon the list of cases for trial by jury. The action was commenced in the Superior Court for Worcester County by writ in contract or tort. The declaration, as filed, contained a count in tort by the female plaintiff for injuries caused by negligence and a count, later waived, by her husband for consequential damages.

Upon the back of the writ were the printed name of the court and the typewritten names of the parties. At the bottom following the printed words "From the office of" there is typewritten "Jacob I. Brier, Esq." Below this originally was printed, "Plaintiff gives notice that he desires a trial by jury." This was changed by typing in the italicized letters and by drawing a line in ink through the s at the end of each verb so as to read, "Plaintiff*s* gives notice that *they* desires a trial by jury." Below this a dotted line for the name of counsel was left blank. The report states that it is customary in Worcester County for the name of the plaintiff or his attorney to be typewritten or signed in this space.

In denying the motion the judge ruled that "the plaintiff had not originally duly claimed trial by jury by any matter on the back of the writ." This ruling was erroneous. The intent to claim the constitutional right of jury trial was clearly indicated. Any custom in the particular county is irrelevant. The case is completely covered by *Higgins* v. *Boston Elev. Ry.* 214 Mass. 335.

*Order denying motion reversed.*