MOUNTAIN TRUCKING COMPANY, *a corporation*

*v.*

PUBLIC SERVICE COMMISSION OF WEST VIRGINIA,

B & H TRUCKING COMPANY, *a corporation, et al.*

(No. 13271)

Decided July 1, 1975.

*Hanna & Ross, Homer W. Hanna, Jr., and Alexander J. Ross* for petitioner.

*Maynard D. McDonnell, Legal Div., PSC,* for respondent (PSC).

HADEN, CHIEF JUSTICE:

This is an appeal from an order of the Public Service Commission of West Virginia pursuant to a hearing on an application for a contract carrier permit. By the provisions of the order, B & H Trucking Company was granted a permit to operate ten motor vehicles as a contract carrier in the transportation of road building materials in Kanawha, Boone and Fayette Counties under contract with Central Appalachian Coal Company, a subsidiary of Appalachian Power Company.

The appeal is prosecuted by Mountain Trucking Company, a corporation, who appeared along with S. S. "Joe" Burford Company, a corporation, at the hearing as pro-

testants opposing the grant of a contract carrier permit to B & H Trucking Company. Both protestants are common carriers operating under certificates of convenience and necessity issued by lawful orders of the Public Service Commission. Each has authority under these certificates to haul road building material in the area covered by the contract carrier permit issued to B & H.

At the hearing before the Commission, Harlow McHenry, President of B & H Trucking Company, testified that he had merely an "E" license which permitted the hauling of coal only from mining operations to loading facilities; that he had ten trucks, four of which he used to haul coal for Central Appalachian Coal Company; that he was contacted by Central for the purpose of hauling road building materials (i.e. stone, red dog, coal, sawdust, etc.) in Kanawha, Boone and Fayette Counties; and that he planned, should his application be granted, to use four trucks for the road building materials.

Thomas Dearnell, outside superintendent for Central, testified that Central wanted the applicant to transport road building materials for them, because B & H was available at a moment's notice since it was already hauling coal for them. He explained that occasionally emergency situations arise in which Central needs an immediate supply of coal; however, he mentioned no such emergencies with respect to road building materials. He stated that on five different occasions he had asked Burford to sell and deliver stone to Central, but that on each occasion, Burford had no stone to sell. He admitted, however, that Central had not asked the protesting carriers to render the services of *hauling* road building materials. Furthermore, he made no claim whatsoever that the protestants were furnishing inadequate service in the area.

S. Franklin Burford, Vice President of S. S. "Joe" Burford, Inc., and William T. Jones, Vice President of Mountain Trucking Company, appellant, appeared to protest the issuance of the permit. Burford testified that over the years his company had sold and delivered road ma-

terials to Central, until its supply had run out, but that he had never been requested by Central to deliver road materials as a common carrier. He stated that his company, which maintains a fleet of twenty-eight trucks, has trucks available to serve Central, and that, in fact, many trucks were idle over the previous winter.

Mr. Jones then testified that Mountain Trucking Company had twenty-two trucks operating under its common carrier authority and that it would be willing, if requested, to haul any low-grade commodities for Central. Although admitting that he guarantees his drivers daily work throughout the year, he asserted that he was capable of supplying emergency services to Central if necessary. He also maintained that the granting of a permit to B & H would have a detrimental effect on his company's business.

Upon the evidence presented at the hearing, the Commission, in its order, found that B & H Trucking Company was entitled to the contract carrier permit which it sought.

Mountain Trucking Company contends that the Commission's order is erroneous for several reasons: (1) because it violated *W. Va. Code* 1931, 24A-3-3(a), as amended, which provides that no contract carrier permit shall be issued unless the applicant has established to the satisfaction of the Commission that the privilege sought will not impair the efficient public service of any authorized common carrier adequately serving the territory in question; (2) because it granted the authority sought despite the uncontroverted fact that the protestants were able, willing, and ready to provide the desired services to Central; (3) because it contained no findings, as is required, that the protestants' services were inadequate, or that the protestants were unable or unwilling to serve Central; (4) because it contained no findings of fact, no conclusions of law and no reasons for its decisions; (5) because the trial examiner presiding at the hearing failed to submit "findings of fact" to the Com-

mission; and (6) because it was arbitrary, unreasonable, and without evidence to support it.

Similar errors were assigned in the companion case, *Mountain Trucking Company v. Daniels*, W. Va., 197 S.E.2d 819 (1973); in fact, the first assignment of error here is identical to that in *Mountain Trucking Company v. Daniels, supra,* and justifies our adopting this Court's rationale therein:

> "Although numerous errors are assigned on this appeal, the resolution of the issue presented by the first assignment is dispositive of this case. Implicit therein is the appellants' contention that the Commissioner's order is contrary to the law and is not supported by the evidence in that it totally ignored the requirements of Code, 1931, 24A-3-3(a), as amended." *Id.* at 858 of the South Eastern Reporter.

Pertinent to this case, the Court further explained that:

> "Where a protest is received, ... a hearing shall be afforded and the applicant must bear the burden of proving that he is entitled to the permit under the provisions of Code, 1931, 24A-3-3, as amended ... In the words of the statute, it is the applicant's legal obligation to establish 'to the satisfaction of the commission that the privilege sought will not * * * impair the efficient public service of any authorized common carrier or common carriers adequately serving the same territory.'" *Id.* at 859 of the South Eastern Reporter.

The testimony of Mr. McHenry and of Mr. Dearnell, the only evidence presented at the hearing in support of B & H Trucking Company's application, provided little or no aid to the applicant in meeting this legal burden. While Mr. Jones expressly asserted and Mr. Burford implied that their respective companies would suffer by the grant of this requested permit, the applicant produced no evidence of any kind to refute these contentions. In fact, in this case, as in *Mountain Trucking*

*Company v. Daniels, supra,* at 822 of the South Eastern Reporter:

> "There was no finding of facts by the Commission; nor was an opinion written which, upon appellate review, would make known to the Court the motivating circumstances which influenced the decision. A careful examination of the record fails to disclose any evidence whatever by the applicant which would tend to establish that the grant of this permit would not impair the efficient public service of the common carrier protestants who, undisputedly, were adequately serving the same territory. Succinctly stated, there is no evidence upon which it could be established that under Code, 1931, 24A-3-3, as amended, the applicant is entitled to a contract carrier permit."

We, therefore, find that, since there was no evidence to support the Commission's order, it was clearly wrong. *Mountain Trucking Company v. Daniels, supra; Wilhite, et al. v. Public Service Commission,* 150 W. Va. 747, 149 S.E.2d 273 (1966); *Atlantic Greyhound Corp. v. Public Service Commission, et al.,* 132 W. Va. 650, 54 S.E.2d 169 (1949).

Furthermore, appellant's contention that the Commissioner failed to make a finding of fact which is necessary for an appellate court to do its work is well-founded. *See, W. Va. Code* 1931, 24A-3-3(b), as amended, and *State ex rel. Utilities Commission v. Morgan,* 277 N.C. 255, 177 S.E.2d 405 (1970). The Commission in its statement of its reasons for the entry of its order, which is required by *W. Va. Code* 1931, 24A-8-1, as amended, acknowledges that it is required to make findings of facts upon which its ultimate decisions are based; however, it asserts that the "... order entered in the instant case is proper, due to the fact the order does state a finding that the applicant was entitled to the authority it sought and the order states that said finding is based upon the evidence." It appears elementary to this Court that the "findings" contained in the order are strictly conclusions and not findings of facts. *See, Bell Lines, Inc. v. United*

*States*, 263 F.Supp. 40 (S.D. W. Va. 1967). Thus, the Commission neglected its duty as a *fact-finder* in this case to *find facts*.

For the reasons stated this order of the Public Service Commission of West Virginia is reversed.

*Reversed*.