WEIRTON ICE & COAL SUPPLY COMPANY, *et al.*

*v.*

PUBLIC SERVICE COMMISSION OF WEST VIRGINIA AND HARLEY E. WARRICK, *dba* WARRICK TRUCKING, *etc.*

(NO. 13890)

*and*

DON SWART TRUCKING, INC., *A West Virginia Corporation, et al.*

*v.*

PUBLIC SERVICE COMMISSION OF WEST VIRGINIA AND HARLEY E. WARRICK, *dba* WARRICK TRUCKING, *etc.*

(NO. 13891)

Decided December 20, 1977.

142

*Donell, DeLaMater & Hagg, W. Dean DeLaMater,* for Weirton Ice & Coal.

*Galbraith, Seibert & Kasserman, George H. Seibert, Jr., and M. Jane Glauser,* for Don Swart Trucking.

*Clement R. Bassett, Legal Division,* for Public Service Commission.

CAPLAN, CHIEF JUSTICE:

These cases are here on separate appeals from an order of the Public Service Commission of West Virginia (Commission) which granted a certificate of convenience

and necessity to Harley E. Warrick, d/b/a Warrick Trucking, to operate as a common carrier in the transportation of dirt, slag, coal and asphalt in Hancock, Brooke and Ohio Counties. The appellants were protestants at the Commission hearing and, being aggrieved by the action of the Commission, prosecuted these appeals. The same issues being involved in each case, they are consolidated for consideration and decision.

Harley E. Warrick, d/b/a Warrick Trucking, in July, 1976, filed an application with the Public Service Commission for a certificate of convenience and necessity to operate as a common carrier in the transportation of dirt, slag, coal and asphalt in Hancock, Brooke and Ohio Counties. A hearing was held on September 24, 1976, at which time the applicant presented his evidence in support of his application. The appellants, Weirton Ice & Coal Supply Company, Sam Aria Hauling & Excavating Company, James White Construction Company, Fuccy Hauling & Excavation, Inc., Don Swart Trucking, Inc., Tri-State Dump Truck Service, Inc., and Kittle Hauling & Supply protested the granting of the certificate and appeared at the hearing. They were permitted to cross-examine the applicant and his witnesses and were permitted to and did present evidence in their own behalf. The Public Service Commission, by order dated November 16, 1976, said "the Commission is of opinion and finds that the public convenience and necessity requires the service which the applicants proposes to render and that a certificate of convenience and necessity should be issued to him ...."

Although the applicants assign several errors, the principal error relied upon is the Commission's failure to make findings of facts, conclusions of law and to assign reasons for its decision. Finding these assignments to be without merit, we affirm.

We start with the well established principle that an order of the Public Service Commission based upon findings of fact will not be disturbed unless such findings are contrary to the evidence, are without evidence to

support them, are arbitrary, or result from a misapplication of legal principles. *United Fuel Gas Co. v. Public Service Commission*, 143 W. Va. 33, 99 S.E.2d 1 (1957) and cases cited therein.

The applicant in the instant case sought a certificate of convenience and necessity to operate as a common carrier. *W.Va. Code*, 1931, 24A-2-5(a) provides:

> It shall be unlawful for any common carrier by motor vehicle to operate within this State without first having obtained from the commission a certificate of convenience and necessity. Upon the filing of an application for such certificate and after hearing thereon, if the commission finds from the evidence that the public convenience and necessity require the proposed service or any part thereof, it shall issue the certificate as prayed for, or issue it for the partial exercise only of the privilege sought, and may attach to the exercise of the right granted by such certificate such terms and conditions as in its judgment the public convenience and necessity may require, and if the commission shall be of the opinion that the service rendered by any common carrier holding a certificate of convenience and necessity over any route or routes in this State is in any respect inadequate or insufficient to meet the public needs, such certificate holder shall be given reasonable time and opportunity to remedy such inadequacy or insufficiency before any certificate shall be granted to an applicant proposing to operate over such route or routes as a common carrier. Before granting a certificate to a common carrier by motor vehicle the commission shall take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably efficient and adequate, the commission shall not grant such certificate.

This statute clearly provides that "if the commission finds from the evidence that the public convenience and

necessity require the proposed service or any part there-of, it shall issue the certificate as prayed for . . . ." Upon the filing of an application for a common carrier certificate, the above quoted statute requires a hearing before the Commission and that said body thereafter, based upon the evidence, issues or denies the certificate in accordance with its view of the evidence. This is precisely what the Commission order reveals in the instant case. The order does not recite specific findings of fact but, in accordance with the requirements of the above quoted statute, it did find "that the public convenience and necessity requires" the proposed service. According to the statute, this was the only finding the Commission was obligated to make in order to issue a certificate to operate as a common carrier in a territory. We so hold.

The appellants rely principally upon *Mountain Trucking Co. v. Public Service Commission,* ___ W. Va. ___, 216 S.E.2d 566 (1975) for the proposition that the Commission must, in its order, find facts or state reasons as a basis for its order, rather than make conclusory statements. Point 3, Syllabus, in *Mountain Trucking, supra,* reads:

> Where an administrative agency is required to find facts or state reasons as a basis for its order, the order must contain findings of facts, rather than conclusory statements, so as to withstand judicial scrutiny.

This Court adheres to that decision but finds it inapposite to the instant case. In *Mountain Trucking, supra,* the applicant sought a permit to operate as a *contract* carrier, whereas this applicant applied for a certificate of convenience and necessity to operate as a *common* carrier. Each, a contract carrier permit and a common carrier certificate, is governed by a different statute. A contract carrier applicant, under *W.Va. Code,* 24A-3-3(a), has the burden of establishing "to the satisfaction of the commission that the privilege sought will not endanger the safety of the public or unduly interfere with the use of the highways or impair unduly the condition or undu-

ly increase the maintenance cost of such highways, directly or indirectly, or impair the efficient public service of any authorized common carrier or common carriers adequately serving the same territory."

One applying for a common carrier certificate, pursuant to *W.Va. Code*, 1931, 24A-2-5(a) however, need only establish to the satisfaction of the Commission that public convenience and necessity require the proposed service. He is not required to assume the burden of proof imposed upon the seeker of a contract carrier permit. The former need only show an affirmative need; the latter must show, not only a need, but must show that his proposed service will not be a negative influence in certain areas. We think this is a significant difference. It should be noted that this Court reversed in *Mountain Trucking, supra,* a contract carrier case, for the principal reason that the applicant had not proved its case. The applicant had not proved that the granting of the permit would not impair the efficient public service of authorized common carriers serving the same territory. *See,* Points 1 and 2 of the Syllabus in that case [216 S.E.2d 566].

While, as noted in Syllabus point three of *Mountain Trucking, supra,* findings of facts and reasons for the decision must be stated in the order, such findings and reasons are required only where "an administrative agency is required to find facts or state reasons as a basis for its order". We conclude, from an examination of the pertinent statutes, that the only finding necessary in a common carrier order is that "the commission finds from the evidence that the public convenience and necessity require the proposed service."

Judicial scrutiny on review of a commission order is not impeded by the lack of detailed findings and reasons in its order. Under the provisions of *W.Va. Code*, 24A-8-1, upon an appeal of such order, the Commission "shall file with the court before the day fixed for the final hearing a written statement of its reasons for the entry of such order". This statement of reasons together with access to a transcript of all the evidence, including exhibits,

permits the appellate court to fully review the Commission's ruling.

The Commission, before granting a certificate to a common carrier by motor vehicle "shall take into consideration existing transportation facilities in the territory." *W.Va. Code*, 24A-2-5. The appellants appeared in protest at the Commission hearing and were afforded the opportunity to present evidence pertaining to the existing transportation facilities. In fact, such evidence was presented in some detail by said protestants. The Commission, upon review of all the evidence, granted the certificate, necessarily finding that the existing transportation facilities were not "reasonably efficient and adequate". To require the Commission to state in its order that the adequacy of such facilities was considered would add nothing, nor should the order have to contain a lengthy recitation of evidence on the subject. The record is there for all to see and evaluate.

The protestants complain that they have not been afforded the opportunity to remedy any inadequacy or insufficiency in their service, if the Commission found such inadequacy or insufficiency, as required by *W.Va. Code*, 24A-2-5. Where pertinent that statute provides: "... if the commission shall be of the opinion that the service rendered by any common carrier holding a certificate of convenience and necessity over any route or routes in this State is in any respect inadequate ... such certificate holder shall be given reasonable time and opportunity to remedy such inadequacy ... before any certificate shall be granted to an applicant proposing to operate over such route or routes as a common carrier."

It is noted that the above quoted statute refers to those carriers operating "over any route or routes". The Commission here recognized the distinction between "route" carriers and "territory" carriers. This Court, in *McKee v. Public Service Commission*, 124 W. Va. 10, 18 S.E.2d 577 (1942), acknowledged and discussed the difference between a carrier operating over a route and one operating in a territory. That Court said, in relation to

the above statute, "only common carriers over route or routes are given this particular form of protection ... the protestant, not holding a certificate of convenience and necessity to operate over a route, regular or irregular but only over a territory, was not entitled to an opportunity to remedy any inefficiency or inadequacy existing at the time of the Commission's order granting such certificate to the applicant ...."

The opportunity to remedy any inadequacy in existing service, as provided in *W.Va. Code*, 24A-2-5 (a) is afforded only to a common carrier holding a certificate of convenience and necessity over a route or routes and is available to such carrier only if the applicant is seeking a certificate to operate over such route or routes. The applicant here is not seeking a certificate to operate over a specific route. Consequently, the protestants were not entitled to the "opportunity to remedy such inadequacy", as provided in the statute.

Further, we find without merit in this case the appellant's complaint that the Commission's order was invalid by reason of inadequate notice of the final hearing. The purpose of notice, and its only purpose, is to afford one the opportunity to attend and participate in a hearing or other proceeding; to afford one the opportunity to protect his interests. No great formality is required, it being sufficient if one has actual notice. *Higgins v. Boston Elevated Railway Co.*, 214 Mass. 335, 101 N.E. 992 (1913); *State ex rel. Murphy v. Aronson*, (Mo. 1959), 330 S.W.2d 140. These appellants were notified of the hearing and all of them appeared or were represented at such hearing. They were thus afforded the opportunity to present evidence, cross-examine witnesses and to protect their interests. In the circumstances of this case, the failure of the notice to strictly conform to the order of the Commission is not of such consequence as to warrant a reversal. These appellants cannot be heard to complain about insufficient notice.

The other assignments of error have been considered and are found to be without merit. Being of the opinion

that the finding of the Commission is not contrary to the evidence; is not without evidence to support it; is not arbitrary; or does not result from a misapplication of legal principles, we affirm the order of the Commission.

*Affirmed.*

MILLER, JUSTICE, *dissenting:*

The record in this case is uncontroverted that the applicant, Harley E. Warrick, dba Warrick Trucking, a resident of Pennsylvania, was seeking a common carrier certificate of convenience and necessity to haul certain products in the territory of Hancock, Brooke and Ohio Counties, in which area the appellants, Weirton Ice and Coal Supply Company and Don Swart Trucking, Inc., held similar certificates covering the same type of products.

While these latter two companies elected to appeal the Commission's order, the record shows that there were six other common carriers hauling the same type of commodities in the same three-county area which had initially protested the application of Warrick.

The majority concludes that *W.Va. Code*, 24A-2-5, only requires the Public Service Commission to find that the public convenience and necessity require the proposed service. *W.Va. Code*, 24A-2-5(a), in addition to the public convenience and necessity standard, requires that:

"Before granting a certificate to a common carrier by motor vehicle the commission shall take into consideration existing transportation facilities in the territory for which a certificate is sought, and in case it finds from the evidence that the service furnished by existing transportation facilities is reasonably efficient and adequate, the commission shall not grant such certificate."

This Court has always recognized that a finding of public convenience and necessity is not alone sufficient to warrant the granting of a certificate to a common

carrier, since the statute also requires the further finding that there is an inadequacy in the existing service. Moreover, this further finding was required when authority to issue certificates was vested in the State Road Commission. Under *W.Va. Code*, 17-6-4 (1931), the pertinent language was: "... and that the service so proposed to be rendered by the applicant is not being adequately performed at the time of such application by any other person, partnership or corporation."

In *Monongahela West Penn Public Service Co. v. State Road Commission*, 104 W. Va. 183, 192, 139 S.E. 744, 748 (1927), this Court summarized the point as follows:

"Courts and Commissions construing statutes similar to ours have uniformly held that the necessity and convenience referred to is that of the public generally as distinguished from that of a number of individuals or a community, and that the inadequacy of the existing service and the convenience or necessity of the proposed service must both affirmatively appear from the evidence."

As previously noted, parallel language exists under *W.Va. Code*, 24A-2-5 (a), and has been recognized to require the further finding that the existing service is not adequate. *Atlantic Greyhound Corp. v. Public Service Commission*, 132 W. Va. 650, 54 S.E.2d 169 (1949).

There is an express legislative policy set out in *W.Va. Code*, 24A-1-1, which requires the Commission to consider not only the public convenience and necessity, but also the subsidiary goal of protecting existing certificate holders against unnecessary duplication or competition. As aptly stated by a unanimous Court speaking through Judge Browning in *Charleston Transit co. v. Public Service Commission*, 142 W. Va. 750, 759, 98 S.E.2d 437, 442–43 (1957):

"While the convenience of the public is the paramount consideration of the law, if it is accompanied by necessity, this Court has always recognized that an incident to the regulation of a public monopoly is the protection of a certificate

holder against unnecessary duplication or competition."

Until the Legislature sees fit to change this policy, it seems to me that we are required to see that the Public Service Commission enforces it.

This brings me to the heart of my dissent. As the majority openly admits: "The order does not recite specific findings of fact but . . . it did find 'that the public convenience and necessity requires [sic] the proposed service.' "[1]

In two recent cases this Court reversed orders of the Public Service Commission in part because they contained no express factual findings which would enable intelligent judicial review. In *Mountain Trucking Company v. Daniels*, 156 W. Va. 855, 860, 197 S.E.2d 819, 822 (1973), this was stated: "There was no finding of facts by the Commission; nor was an opinion written which, upon appellate review, would make known to the Court the motivating circumstances which influenced the decision."

If this message was not clear, the Court, again by a unanimous decision in *Mountain Trucking Company v. Public Service Commission*, W. Va., 216 S.E.2d 566 (1975), stated in Syllabus Three:

"Where an administrative agency is required to find facts or state reasons as a basis for its or-

---

[1] The order, after reciting the appearance of the parties and counsel, merely concluded as follows:

"UPON CONSIDERATION WHEREOF the Commission is of opinion and finds that the public convenience and necessity requires the service which the applicants proposes [sic] to render and that a certificate of convenience and necessity should be issued to him, as hereinafter set forth, and in all other respects said application should be denied.

"IT IS, THEREFORE, ORDERED that there be, and hereby is, issued unto the applicant, Harley E. Warrick, doing business as Warrick Trucking, a certificate of convenience and necessity designated P.S.C. M.C. Certificate No. F-5895 to operate two (2) trucks as a common carrier in the transportation of dirt, slag, coal and asphalt in the Counties of Hancock, Brooke and Ohio."

der, the order must contain findings of facts, rather than conclusory statements, so as to withstand judicial scrutiny."

The majority states, however, that *Mountain Trucking Company v. Public Service Commission, supra,* is inapposite to the instant case because findings and reasons are required "only where 'an administrative agency is required to find facts or state reasons as a basis for its order.'" The majority then concludes that an examination of the pertinent statutes reveals that the only finding necessary in a common carrier order is that the Commission find from the evidence that the public convenience and necessity require the proposed service. Thus, the majority holds that the Public Service Commission is required to include in its order only the ultimate finding of public convenience and necessity.

But the "finding" made by the Commission is a conclusion of law, or at least a determination of a mixed question of law and fact. Consideration of the evidence adduced at the hearing required the Public Service Commission to determine which facts of a basic and underlying nature controlled the issues to be decided. It was only from these facts that the ultimate finding of public convenience and necessity could be inferred.

I am of the opinion that it is not enough for the Public Service Commission to make only the ultimate finding. Basic findings or basic facts enable a reviewing court to determine whether the Commission has acted arbitrarily. *See,* Jaffe, *Administrative Findings or the Ameer in America,* 34 Cornell Law Quarterly 473, 492–93 (1949).

Moreover, basic findings alert the parties to the reason for the decision, thereby allowing them to prepare accordingly for a rehearing or judicial review. "Furthermore, a disappointed party, whether he plans further proceedings or not, deserves to have the satisfaction of knowing why he lost his case." 2 Davis, *Administrative Law Treatise* § 16.05 at 448 (1958).

Basic findings can also serve to help the Commission avoid careless or arbitrary action. There is no assurance

that an administrative agency has made a reasoned analysis if it need state only the ultimate finding of public convenience and necessity. Undoubtedly, if the Commission had been required to set down its findings, it would have realized the paucity of the evidence.

The applicant, Warrick, supplied no evidence since he had no occasion to call for hauling services. His only information was hearsay which indicated that some of his customers mentioned that they had difficulty getting hauling services, but he could not identify either the customers or the hauler by name or approximate date.

Warrick presented five witnesses. One owned a mobile home court and testified that on one occasion she had difficulty getting some material hauled. A second individual testified that on one occasion he needed slag and unsuccessfully called three companies to obtain hauling, none of which were the eight protestants involved in this case.

A third witness had been in the home building business on a small scale some four to five years prior to the hearing. He could remember calling only one of the carriers and having difficulty getting delivery. He was not aware of the current situation.

The fourth witness was a home owner who claimed to have trouble getting top soil delivered for his front lawn. His testimony revealed that he had only called one of the eight haulers involved. The final witness was a full-time employee of Weirton Steel Company, who engaged in home construction in his spare time. His testimony was that while he could get trucking services, it was not as rapid as he wanted.

Appellants' testimony was that the eight existing haulers' services were not fully utilized. They denied turning customers away, although they acknowledged that on occasion it was not possible to give one-day service.

It seems incredible to me, under the evidence as presented, that there could be any finding that the public

convenience and necessity warranted the issuance of another certificate or that the existing eight carriers were not rendering adequate service.

I am authorized to state that Justice McGraw joins with me in this dissent.