330 S.E.2d 862

**BROWNING–FERRIS INDUSTRIES OF SOUTH ATLANTIC, INC.**

v.

**PUBLIC SERVICE COMMISSION and Lawco Disposal Co., Inc.**

No. 16290.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 29, 1985.

Decided June 3, 1985.

Homer W. Hanna, Jr., Hanna & Elliott, Charleston, for petitioner.

Mark G. Thessin, Staff Atty., PSC, Charleston, for PSC.

Christopher Chiles, Dodrill & Chiles, Huntington, for respondent.

## PER CURIAM:

The appellant, Browning-Ferris Industries of South Atlantic, Inc. (BFI), appeals from a final order of the Public Service Commission (PSC), which affirmed an earlier decision of the Hearing Examiner to grant Lawco Disposal Co., Inc., a Ohio corporation, a certificate of convenience and necessity to operate as a common carrier in the transportation of waste materials in Cabell and Wayne County. BFI assigns several errors that it maintains warrant reversal of the PSC's issuance of a certificate of convenience and necessity. Primarily, it contends that the new service proposed by Lawco is neither convenient nor necessary. After careful examination of the evidence presented below, we agree,

and therefore reverse the decision of the PSC.

On September 27, 1982, Lawco filed an application with the PSC for a certificate of convenience and necessity. At a hearing held on December 21, 1982, it presented a number of witnesses, including its president and secretary-treasurer, and several entrepreneurs from the Huntington area.

Lawco's president, Sara Odekirk, testified as to the general operations of the corporation and as to her business acumen. Lawco's secretary-treasurer, R.M. Odekirk, testified further on behalf of the corporation. Kevin Thompson, an employee of Abilene Corporation, testified generally concerning the cost versus quality of waste disposal service in the Huntington area. The testimony of William Rood, a former employee of Wendy's International, indicated his dissatisfaction with available service in the Huntington area during his former employment. Finally, Michael Whisman, owner of the Wright Christian Don Co., Inc., complained of high costs and indicated that his company was currently hauling away their refuse with their own equipment, and would continue to do so in the future.

BFI, on the other hand, presented a large number of witnesses, all of whom testified that the service furnished by existing transportation facilities was efficient and adequate; that all reasonable needs in the area were being met by the current service; and that Lawco's entry into the field would adversely affect the public. The final witness at the hearing was the Director of the Motor Carrier Division of the Public Service Commission, Franklin Crabtree. Crabtree stated that certain matters relating to Lawco should be made part of the record in the present case. Specifically, he submitted a memorandum from Vernon Ruby, Inspector, dated December 7, 1982, that had been directed to Crabtree, and a copy of a cease and desist order from the PSC to Lawco. Ruby's memorandum stated:

My investigation of Lawco Disposal Co., Inc., shows that they were directed by Motor Carrier Division employees to

cease and desist illegal operations in Wayne, and Cabell, Counties in 1976, 1972, and 1978. All of these directives were ignored. In May of 1979 the commission issued M.C. Order No. 19688,* ordering Lawco Disposal Company to cease and desist operating anywhere in the state without first obtaining a certificate or contract carrier permit. According to Mr. Hatfield, who was the officer in charge of this case, Lawco employees and officers attempted to avoid being served with this order, and after the order was served, the Company persisted in their operation.

Lawco Disposal Company, Inc., has shown a total disregard for the laws of the State of West Virginia and an utter contempt for the commission, its orders, its directives and its employees. I feel that granting of this authority would be detrimental to the well-being of the citizens of the State, and to the other companies that operate legally in this area.

Subsequently, on May 6, 1983, the Hearing Examiner held that Lawco had established the requisite convenience and necessity to the public and that the services rendered by existing companies was not reasonable, sufficient and adequate. The Hearing Examiner also determined that Lawco had the ability and experience, and was a fit and proper company to provide the service requested ·in the application. Therefore, a certificate was issued to Lawco, designated as P.S.C. M.C. Certificate No. F–6344. Exceptions to this decision were received from the various protestants and the decision was affirmed by the PSC, by order dated February 3, 1984. A petition for review was filed by BFI shortly thereafter, assigning several errors.

■■■ With respect to the appropriate standard of review in these types of proceedings, this Court has held that "In a proceeding for a certificate to operate as a common carrier an order of the Public Service Commission will not be disturbed on

appeal unless its findings are contrary to the evidence, are without evidence to support them, are arbitrary, or result from a misapplication of legal principles." *Weirton Ice & Coal Supply Co. v. Public Service Commission*, 161 W.Va. 141, 240 S.E.2d 686 (1977). After a close examination of the evidence adduced at the hearing on this matter in December, 1982, we hold that the decision made by the PSC is patently contrary to the weight of the evidence presented. The overwhelming evidence presented indicated, contrary to the findings and conclusions of the Hearing Examiner, that the existing services were more than adequate and that Lawco had a chequered history of disregard and contempt for statutory and regulatory limitations upon their operations.

The applicant, Lawco, through its president, Mrs. Odekirk, failed to testify as to the necessity of additional service in the area of application, nor did she offer any evidence indicating an inadequacy in the existing service. The secretary-treasurer of Lawco, R.M. Odekirk, noted that he had conducted an informal survey of potential customers in the West Virginia area, and from the results concluded that there was a need for additional service. However scientific the survey may have been, we have neither received nor does the transcript contain, any information as to the specific number of persons contacted, or what their individual responses were. Also, Mrs. Odekirk testified under earlier cross-examination that a good percentage of the letters used in determining the results of this survey were over two years old, in spite of the fact that Mr. Odekirk indicated that the survey was the major reason the company was seeking a certificate. Mr. Thompson, who operates two McDonald's restaurants in Cabell County, stated that he would like to see more competition because BFI's prices were, in his opinion, too high. Another public witness who spoke on behalf of Lawco, Mr. Whisman, testified that after one contact with BFI to inquire about their

---

* M.C. Order No. 19688 pertained to an advertisement published by Lawco in the Huntington Herald Dispatch which solicited customers. Sara Odekirk, President of Lawco, testified that the advertisement was published only to reach prospective customers in the states of Ohio and Kentucky and was not intended to solicit customers in West Virginia.

service, he decided that his company would do their own hauling with their own equipment, and that it would continue to do so.

In stark contrast, the appellant presented a number of witnesses, both customers and competitors, all of whom testified as to the adequacy of existing service and the resultant absence of public need for additional service. In fact, a BFI employee, Charles McLaurin, testified that BFI had suffered a decline in customers due to the exodus of business from the area. Moreover, we question the propriety of granting operational authority to a company which has so clearly demonstrated itself to be disrespectful of the rules and regulations of this State. It is our opinion that previous acts, attested to by several witnesses including the Director of the Motor Carrier Division of the PSC, indicates not only a lack of good faith, but also an unwillingness to obey the laws of West Virginia.

For the foregoing reasons, we hold that the certificate was improperly granted, and reverse the decision of the PSC.

Reversed.