JAMES ISLAMI vs. JANET E. NEEDHAM & another.[1]

No. 94-P-642.

Essex. February 13, 1995. - April 25, 1995.

Present: KASS, SMITH, & IRELAND, JJ.

*District Court*, Removal of case to Superior Court. *Constitutional Law*, Trial by jury. *Practice, Civil*, Transfer of action to Superior Court, Jury trial.

The ambiguous language in a plaintiff's civil complaint filed in the District Court and tried before a judge was not sufficient notice, without more, to preserve the plaintiff's right under G. L. c. 231, § 103, to remove the case to Superior Court for a jury trial. [442-446]

CIVIL ACTION commenced in the Salem Division of the District Court Department on August 14, 1991.

The case was heard by *Brian R. Merrick*, J.

On removal of the case to the Superior Court Department on December 15, 1993, motions to dismiss the appeal and for leave to file an amended complaint to add a claim for a jury trial were heard by *Elizabeth B. Donovan*, J.

*James C. Spanos* for the plaintiff.

*Kevin R. McNamara* for the defendants.

IRELAND, J. We are asked to determine whether language in the plaintiff's complaint "demand[ing] judgment . . . in an amount to be determined by a jury," without more, is sufficient to preserve his right under G. L. c. 231, § 103, to remove his case from the District Court, where the action was commenced, to the Superior Court for a jury trial there.

The plaintiff filed a complaint for damages in a District Court in Essex County naming the two defendants in separate counts. A jury trial of a civil matter so filed is available

---

[1]John S. Cullen.

by statute. G. L. c. 218, § 19B. The plaintiff's claim arose from a motor vehicle accident. The matter was tried before a District Court judge who ordered judgment for the plaintiff and awarded damages of $1,136. On motion by the plaintiff, the matter was on December 15, 1993, removed to the Superior Court for a jury trial pursuant to G. L. c. 231, § 103, whereupon the defendants moved for dismissal of the complaint for failure of the plaintiff properly to preserve his § 103 rights. A Superior Court judge allowed the defendants' motion to dismiss the claim and also denied the plaintiff's motion filed January 25, 1994, for leave to amend his complaint to add a claim for a jury trial.

The plaintiff appeals from those rulings and from the dismissal of his appeal. He maintains, first, that the language in the complaint was sufficiently strong and unambiguous so as to put the defendants on notice that he intended to preserve his right to a jury trial in the Superior Court and, second, that the policy favoring liberal rights to amend pleadings, Mass.R.Civ.P. 15(a), 365 Mass. 761 (1974), entitled him to allowance of his motion to amend the original complaint to add a claim for jury trial in the Superior Court. We affirm.

1. *The alleged claim of a jury trial.* General Laws c. 231, § 103, as amended through St. 1987, c. 251, § 1, reads in part:

> "If a party elects to bring in any district court any action or other civil proceeding which he might have begun in the superior court, he shall be deemed to have waived a trial by jury and his right of appeal to the superior court, unless within thirty days of commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the superior court with the district court and within thirty days after notice of the decision or finding files an entry fee of fifty dollars and bond in accordance with the second paragraph of section one hundred and four. . . ."

When filed in the District Court, the complaint was unaccompanied by any separate document or notice demanding a trial by jury either in the District or Superior Court, or otherwise preserving the right to remove the case to the Superior Court for jury trial there. Nor was separate notice filed with the District Court within thirty days following commencement of the action or service of the defendant's responsive pleading. Thus, we are left with examining the complaint document itself to see what, if any, notice is contained therein. The complaint comprises two pages and ten numbered paragraphs. The first six paragraphs name the parties, briefly describe the motor vehicle accident, and claim injury, loss of wages, earning capacity, and so forth on the part of the plaintiff as against Janet Needham, the operator of one of the motor vehicles involved in the accident. Inserted between paragraphs six and seven is the following:

> "WHEREFORE, the Plaintiff, James Islami, demands judgment against the Defendant, Janet E. Needham, in an amount to be determined by a jury."

Paragraph ten, on the other hand, is followed by this notation:

> "WHEREFORE, the Plaintiff, Janet Islami [sic], demands judgment against the Defendant, James [sic] S. Cullen, in an amount to be determined by the Court."

The complaint is signed by the plaintiff's attorney.

The document appears to have been hastily prepared, evidenced by the misprinted names of two of the parties in the second prayer for relief and by the omission of a separate "Count I" caption despite the appearance of a portion of the complaint that is captioned "Count II." More important, however, the actual prayers for relief that are so crucial in divining the plaintiff's intentions are ambiguous and lend themselves to different readings. If we consider the exact wording in the first prayer, for example, does the plaintiff demand a jury trial for assessment of damages only, leaving

questions of negligence, causation, and so forth to be determined through a bench trial, or perhaps by stipulation? Reading the two prayers together, is a jury trial (of whatever scope) to involve Janet Needham, but not John Cullen, against whom damages are "to be determined *by the Court*?" Or does the plaintiff intend a jury trial against both defendants? Finally, is a jury trial requested in the Superior Court, or in the District Court division in Essex County where the action was commenced?

Article 15 of the Massachusetts Declaration of Rights guarantees the right to trial by jury of civil controversies such as this. *Higgins* v. *Boston Elev. Ry.*, 214 Mass. 335, 336 (1913). See Mass.R.Civ.P. 38(a), 365 Mass. 800 (1974) ("The right of trial by jury as declared by Part 1, Article 15 of the Constitution . . . shall be preserved to the parties inviolate"). The Legislature, by statute, or the court, by rule, may regulate the mode or manner by which the right is exercised. *Higgins* v. *Boston Elev. Ry.*, *supra*. Notice of a demand for jury trial, when timely filed in the manner prescribed by statute or rule, "need not be cast in any particular form so long as it is sufficient to convey to the clerk and to the opposing party the intention of the party that he desires a jury trial." Nolan, Civil Practice § 514 (2d ed. 1992). The notice, however, "should be conspicuous in form and certain in terms." *Higgins* v. *Boston Elev. Ry.*, *supra*. See also *Shields* v. *LeBrecht*, 345 Mass. 354, 355 (1963).

Even were we to assume that the statement following paragraph six was sufficient to constitute a claim for trial by jury, we are unable to conclude that the jury referred to was the jury available in the Superior Court. There are sound reasons to interpret a demand for jury trial, unspecific as to forum, as a demand for a District Court jury-of-six trial where that is available. The six-person jury statutes (see G. L. c. 218, § 19A [Worcester County], and § 19B [Essex County]) were intended to reduce the inefficiencies, both to the parties and the judicial system, inherent in a system of multiple trials of the same action. In a pleading where no court is mentioned other than the District Court, we interpret a jury demand to

be a claim to a District Court trial by a jury of six (provided that one is available).

It follows that, in the instant case, the plaintiff did not make a claim of jury trial in the Superior Court, and that any claim he may have made for trial by a jury of six in the District Court was waived by his proceeding to a bench trial of the claim, without objection. See *Walcott* v. *O'Connor*, 163 Mass. 21, 22 (1895); Nolan, Civil Practice, *supra* at § 516.

Because the case was not transferable to the Superior Court, we are not required to consider the plaintiff's argument that that court erred in denying his motion to amend. The order entered in the Superior Court dismissing the appeal is affirmed.

*So ordered.*