Brennan, J.
This case came before the Appellate Division pursuant to Rule 8A of the District/Municipal Courts Rules for Appellate Division Appeal. On or about August 7,1995, Paul B. Smith (hereinafter, the plaintiff) filed a complaint against Kimberly R. Wilcox and Edward J. Wilcox (hereinafter, the defendants) for property damage and personal injuries resulting from a motor vehicle accident. On September 25,1995, defendants filed an answer and the case proceeded to trial in the District Court. After a bench trial, judgment was entered for the defendants on December 22,1997. On January 14,1998, plaintiff filed a claim of jury trial and on February 4,1998, plaintiff’s claim for a jury trial was denied, with a statement that “Plaintiff failed to claim a jury trial within the body of the complaint.” On or about April 13,1998, plaintiff filed a motion to extend time for filing appeal and on April 22,1998 the motion was allowed. On May 11,1998, plaintiff’s appeal was filed and on May 18,1998, defendants’ opposition to plaintiff’s appeal was filed. On May 28, *184 1998, plaintiffs appeal pursuant to Rule 8A was filed.
The sole issue before the Appellate Division is whether the plaintiff is entitled to a trial by jury after a bench trial in the District Court when his complaint is entitled “Complaint and Demand for Jury Trial” but a demand for jury trial is not included within the textual portion of the complaint.
G.L.c. 231, §103, provides, in pertinent part, that
If a party elects to bring in any District Court any action or other civil proceeding which he might have begun in the Superior Court, he shall be deemed to have waived his right of appeal to the Superior Court, unless within thirty days of commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the Superior Court with the District Court and within thirty days after notice of the decision or finding files an entry fee... provided, however, that if any claim, counterclaim, or cross-claim is asserted against a plaintiff who has elected to bring such action or other civil proceeding in any District Court, said plaintiff may of right remove said action or proceeding and claim a jury trial in the same manner and upon the same terms as set forth in said section one hundred and four; and, provided further, that if any compulsory counterclaim is asserted by a defendant, said defendant may, of right, remove the action and claim a jury trial in the same manner and upon the same terms as are set forth in said section one hundred and four....
In the present case the plaintiff did comply with all pertinent parts of the statute, including compliance with the time requirements of the statute.
The right to a trial by jury is guaranteed by Article 15 of the Massachusetts Declaration of Rights. In addition, Massachusetts case law has consistently held that the right to a trial by jury "... shall be preserved to the parties inviolate.” Higgins v. Boston Elevated Railway, 214 Mass. 335. The Higgins case held that the right to trial by jury "... is to be treated not lightly but as a right secured by the fundamental law of the land.” Further, it considered the issue of what constitutes a sufficient claim of trial by jury. In defining what constitutes sufficient notice that a party is claiming a right to have his case heard by a jury the court held that “the word ‘notice’ without further qualifying phrase does not convey the idea of great formality. The essential thing is to frame it so as to convey indubitable information of the intention of the person malting it to the clerk ... to accomplish this end it should be conspicuous in form and certain in terms.” Higgins at 336.
In the present case the caption on the complaint contains, in capital letters, the phrase “DEMAND FOR JURY TRIAL.” There is nothing ambiguous or contradictory in this phraseology. The fact that there was no reference to a claim for jury trial is of no consequence as there was more than adequate notice on the face of the complaint to perfect plaintiffs claim of right to jury trial.
Plaintiff is entitled to claim his right to a jury trial in the Superior Court pursuant to G.L.c. 231, §§103 and 104. As in the Higgins case, the plaintiff in this case "... did enough to express his intention to claim a trial by jury.” Judgment is thereby reversed and the case is remanded to be scheduled for trial by jury.