Brennan, J.
On or about June 5, 1996, the appellant, Jennifer Coderre, filed a Complaint and Demand for Jury Trial in the Springfield District Court, on or about October 29, 1998 there was a bench trial and on November 6, 1998 judgment entered for the defendant. On or about November 20,1998 appellant filed a claim for Jury Trial with the Superior Court, pursuant to M.G.L.c. 231, §103 and §104. On or about December 7,1998 appellant’s claim for Jury Trial was denied, stating “ (claim in heading of complaint only).”
In the present case, appellant’s original complaint is titled “Complaint and Demand for Jury Trial.”
The sole issue before the Appellate Division is whether the plaintiff is entitled to a trial by jury after a bench trial in the District Court when his complaint is entitled “Complaint and Demand for Jury Trial” but a demand for jury trial is not included within the textual portion of the complaint.
G.L.c. 231, §103, provides, in pertinent part, that
If a party elects to bring in any District Court any action or other civil proceeding which he might have begun in the Superior Court, he shall be deemed to have waived his right of appeal to the Superior Court, unless within thirty days of commencement of the action or service of a responsive pleading, or within such further time as the court may allow, a plaintiff files a claim to a jury trial in the Superior Court with the District Court and within thirty days after notice of the decision or finding files an entry fee... provided, however, that if any claim, counterclaim, or cross-claim is asserted against a plaintiff who has elected to bring such action or other civil proceeding in any District Court, said plaintiff may of right remove said action or proceeding and claim a jury trial in the same manner and upon the same terms as set forth in said section one hundred and four; and, provided further, that if any compulsory counterclaim is asserted by a defendant, said defendant may, of right, remove the action and claim a jury trial in the same manner and upon the same terms as are set forth in said section one hundred and four....
In the present case the plaintiff did comply with all pertinent parts of the statute, including compliance with the time requirements of the statute.
The right to a trial by jury is guaranteed by Article 15 of the Massachusetts Declaration of Rights. In addition, Massachusetts case law has consistently held that the right to a trial by jury"... shall be preserved to the parties inviolate.” Higgins vs. Boston Elevated Railway, 214 Mass. 335. The Higgins case held that the right to trial by jury"... is to be treated not lightly but as a right secured by the fundamental law of the land.” Further, it considered the issue of what constitutes a sufficient claim of trial by jury. In defining what constitutes sufficient notice that a party is claiming a right to have his case heard by a jury the court held that “the *254 word ‘notice’ without further qualifying phrase does not convey the idea of great formality. The essential thing is to frame it so as to convey indubitable information of the intention of the person making it to the clerk ... to accomplish this end it should be conspicuous in form and certain in terms.” Higgins, 336.
In the present case the caption on the complaint contains, in capital letters, the phrase “DEMAND FOR JURY TRIAL.” There is nothing ambiguous or contradictory in this phraseology. The fact that there was no reference to a claim for jury trial is of no consequence as there was more than adequate notice on the face of the complaint to perfect plaintiffs claim of right to jury trial.
Plaintiff is entitled to claim his right to a jury trial in the Superior Court pursuant to G.L.C. 231, §§103 and 104. As in the Higgins case, the plaintiff in this case "... did enough to express his intention to claim a trial by jury.” Judgment is thereby reversed and the case is remanded to be scheduled for trial by jury.