Rutberg, J.
This is an expedited appeal from the motion judge’s consolidation of these matters for trial and his subsequent denial of a motion to reconsider his order to consolidate. Dist./Mun. Cts. R. A. D. A., Rule 16(a)(4).
Factual Background
A tacit agreement to exchange accounting services for automobile repairs between Edwin Furman, a C.RA, and Mass. Auto Body, Inc. that began in 1997 appears to underlie these actions.[1] In late 1998, Furman brought his wife’s [“Lynne Garafalo”] Mercedes Benz to Mass. Auto Body; and, Raymond Daher suggested that Furman might want to trade his wife’s car for a Mitsubishi that Mass. Auto Body owned. Daher loaned the Mitsubishi to Furman, who left Garafalo’s Mercedes at Mass. Auto Body. Later that day Adib Daher drove the Mercedes and he was involved in a collision that caused extensive damage to Garafalo’s car. Mass. Auto Body repaired the Mercedes, but neither Furman nor Garafalo was satisfied with the repairs.
In August 1999, Mass. Auto Body brought an action against Furman and Gara-falo in the Worcester Division of the District Court Department, alleging that it was unpaid for the repairs performed on the Mercedes; this complaint contained a demand for a jury trial. Furman and Garafalo’s answer to the complaint included counterclaims against Mass. Auto Body and the Dahers individually alleging fraud and a violation of G.L.c. 93A, as well as a third party complaint against Adib Daher which sounded in negligence. The answer was filed in October 1999. Over a year later, in December 2000, Furman brought an action against Mass. Auto Body and Raymond Daher in the Clinton Division of the District Court Department that he was owed money for accounting services rendered; this complaint also contained a demand for a jury trial. The answer of the defendants in the Clinton case contained a counterclaim the gravamen of which was the sum allegedly due for the unpaid repairs claimed in the Worcester case.
*83 In February 2001, Mass. Auto Body filed a motion to consolidate the two actions for discovery and trial. Pursuant to the provisions of Mass. R. Civ. P., Rule 42(c), the motion for consolidation was referred to the presiding justice of this Appellate Division (LoConto, PJ.) for determination. After initially denying the motion to consolidate “without prejudice,” the presiding justice reconsidered the matter and ordered the Worcester and Clinton cases be consolidated for trial in Clinton. A subsequent request to reconsider the consolidation was denied, and the matters were placed on the list for trial in Clinton at which time Furman and Garafalo once again requested reconsideration of the consolidation order, or, in the alternative, severance. The trial judge denied both requests and tried the cases to verdicts.
Procedural Issues
Furman and Garafalo now the appeal presiding justice’s allowance of the motion to consolidate, his denial of their motion for reconsideration of that allowance, and the trial judge’s denial of Furman’s motion to sever made at trial. Rule 42(c) does not specify the extent of a party’s right to appeal an order made thereunder, and we are aware of no reported cases. Additionally, we know of no authority that gives this court jurisdiction to review a decision of its presiding justice. Ordinarily an interlocutory order is not appealable absent a report of the question by the trial judge. Foreign Auto Import, Inc. v. Renault Northeast, Inc., 367 Mass. 464 (1975). Where, as here, the only prejudice to which an appellant could be exposed is the inconvenience of an additional trial and that trial has been completed, we hold that the failure to request the presiding judge to report the question constitutes a waiver of that party’s later appeal. Islami v. Needham, 38 Mass. App. Ct. 442 (1995). Furthermore, it follows that the trial judge to whom the consolidated case is presented must lack jurisdiction to review the decision of the presiding judge of this court; to rule otherwise would render the procedure set up in Rule 42 (c) a nullity.
Constitutional Issues
Although the above holding disposes of the issues raised in this case, we feel we must address the constitutional issues which appellants raise. Furman and Garafalo claim that the denial of their right to an initial jury trial constitutes a violation of their constitutional right to a jury trial. These appellants correctly contend that Article 15 of the Massachusetts Declaration of Rights guarantees them a right to have their cases tried by juries; however, there is nothing in the Massachusetts constitution that mandates either the forum or the instance as to where a litigant may exercise his or her jury trial rights. Appellants’ argument that the putative abrogation of their statutory option to have an initial jury trial in the Worcester Division violates their constitutional rights is without merit. While the right to have civil cases determined by juries has been made “inviolate” by Article 15, “(t)he Legislature, by statute, or the court, by rule, may regulate the mode or manner by which the right is exercised.” Islami v. Needham, supra at 445, citing Higgins v. Boston Elev. Ry., 214 Mass. 335 (1913).
The availability of a civil jury trial in the Worcester Division of the District Court was created by statute in 1967 as a case management tool. Id.; G.L.c. 218, §19A. Rule 42(c) was added to the Massachusetts Rules of Civil Procedure by the Supreme Judicial Court in 1996, when Rule 42 of the Dist./Mun. R. Civ. P., its antecedent, was repealed. 365 Mass. 831 (1974). The consolidation of these matters for trial in the Clinton District Court was a proper exercise of the presiding justice’s authority under the applicable statutes and rules, and it did not deny any party’s constitutional right. At the time these matters were filed and consolidated, all parties had the right to demand a jury trial in the Superior Court after the conclusion of the bench trial in Clinton. G.L.c. 231, §97, et seq. Presumably, appellants’ jury trial rights have been preserved.
*84 While consolidation would ultimately require two trials in order for a jury trial to occur, consolidation eliminated the possibility that three trials might be required if these cases were not consolidated and all matters were tried to juries. Thus, the presiding justice’s order to consolidate is consistent with the purpose of G.L.c. 218, §19A which is “to reduce the inefficiencies, both to the parties and the judicial system, inherent in a system of multiple trials of the same action.” Id.
Conclusion
For the reasons stated above the judgment of trial court after the trial of these cases is affirmed.

 The remaining parties are related to those named above: Lynne Garafalo is Furman’s wife; and Raymond Daher is the principal of Mass. Auto Body, while Adib [Raymond’s father] and Michael have some involvement with the business.