IRVING GERBER & another *vs.* TY-DATA, INCORPORATED. December 8, 1977. This is an action by two minority shareholders to recover shares of stock which they claim are due them as original subscribers of the defendant corporation. The case was referred to a master who found that, although the plaintiffs may have been entitled to a certain number of shares of stock, their claims were barred by laches. A judge of the Superior Court adopted the master's report and entered the judgment for the defendant from which the plaintiffs now appeal. It must be noted at the outset that as the plaintiffs did not submit preliminary objections to either of the master's reports, as then required by Rule 49, § 7, of the Rules of the Superior Court (1974), they are not in a position to attack any of the master's subsidiary findings as unwarranted by the evidence. *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 185-189 (1976). 1. The master found that because the corporation had vastly changed its position during the interval from 1969 to May 30, 1973, "legal prejudice and disadvantage" would result to the corporation if recovery were permitted now. *Provident Co-op. Bank* v. *James Talcott, Inc.,* 358 Mass. 180, 187 (1970), and cases cited. Contrast *Security Natl. Bank* v. *General Motors Corp.,* 345 Mass. 434, 441 (1963), and cases cited. As the master's finding with regard to the issue of laches was adequately supported by his subsidiary findings (contrast *Bills* v. *Nunno,* 4 Mass. App. Ct. 279, 284-285 [1976]), the judge was correct in adopting it. See Mass.R.Civ.P. 53(e)(2), 365 Mass. 820 (1974). 2. The plaintiffs now assert that "[l]aches does not bar a bill to establish a resulting trust if the plaintiff acts with reasonable promptness after the repudiation of the trust by the trustee." As no question as to the creation of a resulting trust was raised by the plaintiffs' pleadings, and as it is readily apparent from the master's report and objections thereto, that that was not among the issues they sought to bring

---

[1] Consolidated for the purposes of trial and appeal.

to the attention of the Superior Court judge (see *Michelson* v. *Aronson,* 4 Mass. App. Ct. at 192-193), the plaintiffs cannot now assert it for the first time on appeal. *Dente* v. *Pink, ante,* 791 (1977). See *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976). 3. Nor can the plaintiffs argue for the first time that the proposed settlement caused them to delay bringing their action. In any event, that argument has no merit. The master's subsidiary findings fully support the conclusion that it was not the proposed settlement but the plaintiffs' failure to pursue it (i.e., "[t]hey waited to see") which was responsible for the delay. Contrast *Shea* v. *Shea,* 296 Mass. 143, 148-149 (1936). 4. Likewise, we do not consider the plaintiffs' contention that they automatically became shareholders of the corporation when their subscription checks were cashed and that the other shareholders thus owed them a "fiduciary duty" (see *Donahue* v. *Rodd Electrotype Co. of New England,* 367 Mass. 578, 598 [1975]) to permit them to obtain additional shares under the same terms as the other original subscribers, as this contention is also being raised for the first time on appeal. 5. As the plaintiffs do not argue on appeal the objection raised in the Superior Court relative to a constructive trust, we deem that issue to have been waived.

*Judgment affirmed.*

*Sumner H. Woodrow* for the plaintiffs.
*Herbert Baer* for the defendant.