S. LAWRENCE SCHLAGER & others [1] *vs.* BOARD OF APPEAL OF BOSTON & others.[2]

Suffolk.    December 11, 1979. — January 22, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Practice, Civil,* Zoning appeal, Bond.  *Zoning,* Appeal, Bond.

Where a single justice of this court ordered the posting of a bond by parties appealing a judgment of the Superior Court which upheld a decision of the board of appeal of Boston, a reference in the single justice's order to St. 1956, c. 665, § 11, was intended merely as a directive to the Superior Court to attend to the administrative details of the bond as if that court were acting under St. 1956, c. 665, § 11, in the first instance. [75-76]

A single justice had authority to require a bond as a condition of the plaintiff's presenting an appeal to this court in a zoning case, and a purported waiver of the "statutory stay of execution upon the judgment of the Superior Court," to which the plaintiffs claimed entitlement by virtue

_____

[1] S. Lawrence Schlager and Kidder Peabody Realty Corp., doing business as Government Center Developers Company, a limited partnership.

[2] Capitol Bank and Trust Company; Manuel Wyner and Allen Gordon, as trustees of Hawkins Street Trust; and McDonald's Corporation.

of Mass.R.Civ.P. 62(d), presented, at the most, an additional circumstance calling for the exercise of discretion whether to require the bond. [76-78]

The amount of a bond required as a condition of pursuing an appeal to this court in a zoning case was within the discretion of a single justice, and no abuse of discretion appeared. [79]

CIVIL ACTION commenced in the Superior Court on December 21, 1976.

The case was heard by *Ligotti*, J., a District Court judge sitting under statutory authority.

Motions filed in the Appeals Court were heard by *Rose*, J.

*Robert H. Goldman (Michael D. Quinlan* with him) for the plaintiffs.

*James R. DeGiacomo (Judith K. Wyman* with him) for Capitol Bank and Trust Co., & others.

*Sheldon M. Drucker* for McDonald's Corporation.

GRANT, J. The plaintiffs, who are the owners of properties in the immediate vicinity of the premises (locus) known as One Bulfinch Place and 30 Hawkins Street in the Government Center urban renewal area of Boston, appealed to this court from a judgment of the Superior Court which, in effect, sustained a decision of the board of appeal of Boston (board) which had granted a conditional use of the locus under §§ 8-3 and 8-7(36A) of the Boston zoning regulations. St. 1956, c. 665, § 11.[3] On March 28, 1979, shortly after the

---

[3] "Any person aggrieved by a decision of said board of appeal, whether or not previously a party to the proceeding, or any municipal board or officer, may appeal to the superior court sitting in equity for the county of Suffolk; provided, that such appeal is filed in said court within fifteen days after such decision is recorded. Every person so appealing shall file a bond with sufficient surety, to be approved by the court, for such a sum as shall be fixed by the court, to indemnify and save harmless the person or persons in whose favor the decision was rendered from all damages and costs which he or they may sustain in case the decision of said board is affirmed. Upon an appeal under this section, the court shall hear all pertinent evidence and determine the facts, and, upon the facts as so determined, annul such decision if found to exceed the authority of such board, or make such other decree as justice and equity may require. The foregoing remedy shall be exclusive; but the parties shall have all rights of appeal and exception as in other equity cases. . . ." The provisions of this section were unquestionably in effect at the time of the proceedings which

completion of the briefs on the merits of the appeal, all the defendants other than the board (defendants) filed a motion in this court for an order requiring the plaintiffs to post a bond in the amount of $100,000 to indemnify the defendants and save them harmless from all damages and costs which they might sustain pending the appeal if the judgment of the Superior Court and the decision of the board should be affirmed. On April 26, 1979, the plaintiffs filed a document which they described as a "waiver of automatic stay of proceedings" and by which they purported to waive "the automatic stay of execution upon the judgment of the Superior Court . . . during the pendency of this appeal, Mass.R.Civ.P. 62(d)."

On May 4, 1979, a single justice of this court, after hearing and the consideration of extensive memoranda, entered an order that the plaintiffs "post a bond, within twenty (20) days of this date, in the amount of Forty-Five Thousand Dollars ($45,000) in, and surety approved by, Superior Court Department, Civil Business, Suffolk County, pursuant to St. 1956, c. 665, § 11." The plaintiffs filed a notice of appeal from that order and a motion to stay the order, which was denied. The plaintiffs did not file any bond within the time set by the order of the single justice, and the defendants moved to dismiss the appeal from the judgment of the Superior Court. By successive orders of the Chief Justice the appeal from the order of the single justice, the motion to dismiss the appeal from the judgment, and the latter appeal were all consolidated for argument before the present panel of Justices.

The plaintiffs have advanced three arguments in support of their contention that the order of the single justice was in error; the first two arguments are addressed to the question whether the single justice had the power to order the post-

were had in the Superior Court, and the parties have assumed that it was still in effect at the time of the proceedings before the single justice of this court which are considered in this opinion. See Healy, Massachusetts Zoning Practice Under the Amended Zoning Enabling Act, 64 Mass. L. Rev. 157, 169-170 (1979).

ing of any bond as a condition of the plaintiffs' prosecuting their appeal from the judgment of the Superior Court, and the third argument is addressed to the amount of the bond.[4] For the reasons hereinafter set forth, we affirm the order of the single justice and dismiss the appeal from the judgment of the Superior Court.

1. The plaintiffs point to the portion of the single justice's order which referred to St. 1956, c. 665, § 11, and urge that he erred in ordering a bond because the provisions of the second sentence of § 11 (*supra,* note 3) have no application to an appeal from a judgment of the Superior Court in a zoning case. We agree with the plaintiffs that the provisions of that sentence do not apply to an appeal from a final decree (judgment) of the Superior Court. *McNeely* v. *Board of Appeal of Boston,* 358 Mass. 94, 110 (1970). *Broderick* v. *Board of Appeal of Boston,* 361 Mass. 472, 474-475 (1972).

We think, however, that the plaintiffs have mistaken the thrust of the portion of the order in question. It has been the usual practice of the single justices of this court to leave the administrative details of bonds and their sureties to the Superior Court whenever they have ordered the posting of bonds in proceedings conducted (a) under G. L. c. 231, § 117 (as appearing in St. 1973, c. 1114, § 202), and Mass.

---

[4] A review of the various memoranda submitted to the single justice discloses that the plaintiffs failed to advance any contention that there might be some merit to their appeal (see *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 64-65 [1971]; *Broderick* v. *Board of Appeal of Boston,* 361 Mass. 472, 476 [1972]) until after the single justice had entered the order for a bond. The first suggestion of possible merit to the appeal appeared in an unsolicited memorandum which was filed by the plaintiffs three days after the entry of the order complained of, thirteen days after the hearing on the motion for a bond, and twenty-five days after the date (requested by the plaintiffs) which had been set for the plaintiffs to file any written opposition to the motion for a bond. The single justice treated that memorandum, which did little more than refer to an argument which had been developed in the plaintiffs' brief on the merits of the appeal, as a motion for reconsideration of his order and denied it without a hearing. It has not been argued that the single justice was obliged to reconsider his order or that he abused his discretion by refusing to do so.

R.A.P. 6, 365 Mass. 848 (1974), as amended effective January 1, 1977, 371 Mass. 914 (1976),[5] (b) under the first paragraph of G. L. c. 231, § 118 (as appearing in St. 1977, c. 405), and (c) under G. L. c. 279, § 4 (as amended through St. 1972, c. 740, § 17).[6] We do not see that the portion of the order of the single justice which is complained of in this case was intended as anything other than a directive to the Superior Court to attend to the administrative details of the bond which had been ordered, as if that court were acting under St. 1956, c. 665, § 11, in the first instance.[7] We reject the notion that the single justice acted under any misapprehension as to the applicability of § 11 to the case which was presented to him.

2. The plaintiffs now acknowledge the existence of the following passage appearing in *Broderick* v. *Board of Appeal of Boston*, 361 Mass. at 475-476: "[A]n appellant from a final decree in the Superior Court in a zoning case [does not have] an absolute right to appeal to this court without filing a surety bond. Appeals to this court under St. 1956, c. 665, § 11 (cf. G. L. c. 40A, § 21[8]), are subject to the same statutory rules as apply in other equity proceedings. See G. L. c. 214, §§ 19-28.[9] In appropriate circumstances after the entry of a final decree, a justice of . . . this court under G. L. c. 214, § 22,[10] may order, pending appeal, that a sure-

---

[5] See now Mass.R.A.P. 6(a) and (b), as amended effective July 1, 1979, 378 Mass. 930.

[6] See now the amendment of G. L. c. 279, § 4, which was effected by St. 1979, c. 344, § 49; Mass.R.A.P. 6(c), as amended effective July 1, 1979, 378 Mass. 931; Mass.R.Crim.P. 31(a), 378 Mass. 902 (1979).

[7] The Superior Court had denied two motions for a bond.

[8] The reference here was to G. L. c. 40A, § 21, as in effect prior to St. 1975, c. 808, § 3. See now G. L. c. 40A, § 17, as most recently amended by St. 1978, c. 478, § 32.

[9] The references here were to G. L. c. 214, §§ 19-28, as in effect prior to St. 1973, c. 1114, § 62.

[10] The reference here was to G. L. c. 214, § 22, as amended through St. 1948, c. 309, under which the single justices of this court were wont to act by virtue of Rule 2:01 of the Appeals Court, 1 Mass. App. Ct. 896

ty bond be filed by the appellant in an amount which is sufficient to protect the interests of the appellee and is otherwise appropriate. See *Eastern Inv. & Dev. Corp.* v. *Franks*, 339 Mass. 280, 292-293 [1959]; Reed, Equity Pleading and Practice, § 1077 (Supp. 1970). For an enumeration of factors which we require to be considered in fixing the amount of a surety bond, see *Damaskos* v. *Board of Appeal of Boston*, 359 Mass. 55, 64-65 [1971]."

The plaintiffs advance two reasons in support of their contention that the present case did not present "appropriate circumstances" for requiring a bond under the *Broderick* case. They point first to their waiver of what they claim was the "automatic stay of execution upon the judgment of the Superior Court" to which they say they were entitled under the provisions of Mass.R.Civ.P. 62(d), 365 Mass. 830 (1974).[11] It is not clear to us that subdivision (d) of that rule has any application to a case such as the present, in which there has been no judgment for the payment of money damages.[12] But if we assume for purposes of decision that the rule should be given the construction urged by the plaintiffs, we do not see that their cause would be advanced in any significant respect, because the *Broderick* case was not decided in the context of a request for stay of the final decree of the Superior Court, and under the practice which prevailed at that time there was no automatic stay of such a

(1972), as in effect until July 1, 1974, although not formally amended until February 27, 1975, 3 Mass. App. Ct. 801, 805-806 (1975). The relevant provisions of the old G. L. c. 214, § 22, immediately resurfaced without any change of substance in G. L. c. 231, § 117, as appearing in St. 1973, c. 1114, § 202.

[11] "Except as otherwise provided in these rules, the taking of an appeal from a judgment shall stay execution upon the judgment during the pendency of the appeal." Compare the first sentence of the second paragraph of G. L. c. 231, § 115 (as appearing in St. 1973, c. 1114, § 202), which reads: "No execution shall issue during the pendency of an appeal."

[12] There are substantial differences between the provisions of Fed.R. Civ.P. 62(d) and those of Mass.R.Civ.P. 62(d), and the Supreme Judicial Court has noted that the latter lack "complete specificity." *Commonwealth* v. *707 Main Corp.*, 371 Mass. 374, 378 n.2 (1976).

decree until an appeal was entered in the Supreme Judicial Court. *Lowell Bar Assn.* v. *Loeb,* 315 Mass. 176, 189-190 (1943). *Brown* v. *Massachusetts Port Authy.,* 371 Mass. 395, 398-403 (1976). If the plaintiffs' waiver did have the effect contended for, we think it merely presented another circumstance which called for the exercise of discretion by the single justice, who could well have concluded that a waiver would be of little practical benefit to the defendants in deciding whether to risk proceeding under the conditional use pending appeal. See *Belfer* v. *Building Commr. of Boston,* 363 Mass. 439, 442-445 (1973).

The plaintiffs next direct our attention to that portion of the passage in *Eastern Inv. & Dev. Corp.* v. *Franks,* 339 Mass. at 292-293, which was cited with approval in the *Broderick* case and in which the court said that "[a]n absolute order requiring a party to give a bond, not imposed as a condition for the granting of some relief, would be most unusual and would present grave questions as to the power of the court to issue such an order" (339 Mass. at 292). We think the plaintiffs' reliance on the quoted language is misplaced. That language has been taken out of context, and the plaintiffs appear to have overlooked the facts that the *Eastern* case did not involve zoning and that the only point actually decided in the relevant portion of that case was that an order for the posting of a bond will not be enforced by contempt.

After careful consideration we conclude that the *Broderick* case provided ample precedent for the power which was exercised by the single justice in the circumstances of this case.[13]

---

[13] Basing our decision on the *Broderick* case and on the present G. L. c. 231, § 117, obviates any necessity for exploring the possible ramifications of the court's remark in *Foreign Auto Import, Inc.* v. *Renault Northeast, Inc.,* 367 Mass. 464, 469 (1975), that "[w]e intend no suggestion that G. L. c. 231, §§ 117 and 118, as amended, are the sole sources of the broad powers of the appellate courts, or of the single justices of the appellate courts . . . ."

3. The plaintiff's final contention is that the amount of the bond ordered by the single justice was excessive in light of all the circumstances. It does not appear from the record or from any of the memoranda submitted to the single justice that the plaintiffs seriously contested the amount of any of the damage estimates set out in the affidavits submitted in support of the motion for a bond. See *Burwick* v. *Zoning Bd. of Appeals of Worcester,* 1 Mass. App. Ct. 739, 746 (1974); *Shalbey* v. *Board of Appeal of Norwood,* 6 Mass. App. Ct. 521, 527, 528 (1978). A review of those affidavits indicates that the $45,000 figure selected by the single justice was intended to indemnify the prospective lessor of the locus against the loss of the rents it would sustain during the pendency of the appeal. As we have already noted (*supra,* note 4), the notion that there might be some merit to the appeal appears to be an afterthought. We see no abuse of the discretion vested in the single justice by the *Broderick* case (361 Mass. at 475-476), nor any failure to consider the factors set out in the *Damaskos* case (359 Mass. at 64-65).

The order of the single justice is affirmed, and the appeal from the judgment of the Superior Court is dismissed; the defendants are to have costs in connection with both appeals.

*So ordered.*