# RESCRIPT OPINIONS.

ROBERT MACLACHLAN & another *vs.* BROTHERHOOD OIL CORPORATION. June 4, 1980. This is an action for damages resulting from a slip and fall on ice which formed from water running out of a hose placed by the defendant Brotherhood Oil Corp. (Brotherhood) near a service exit door on premises owned by the codefendant Fitzmaurice Motor Sales, Inc. (Fitzmaurice).[1] Brotherhood claimed the plaintiffs failed to give notice as required by G. L. c. 84, § 18. During the course of the trial, the plaintiffs and Fitzmaurice settled, and stipulations of dismissal were filed. The jury returned verdicts, based on special interrogatories, for the individual plaintiffs against Brotherhood. After the verdicts were reduced by the percentage of the defendant's comparative negligence, judgments were entered. Pursuant to several motions for interlocutory orders pending appeal, the trial judge ordered the posting of a surety bond. When the bond was not filed, the judge directed the defendant Brotherhood to pay attorneys' fees of $500 "for the numerous court appearances resulting from the defendant's non-compliance" with the judge's previous orders. A single justice of the Appeals Court modified the order requiring a bond and stayed the order requiring the defendant to pay attorney's fees. See G. L. c. 231, § 117, as appearing in St. 1973, c. 1114, § 202. Brotherhood raises five issues on appeal.

1. *Whether the provisions of G. L. c. 84, §§ 18-21, apply to circumstances presented here.* We think not. Even assuming arguendo that the ice "result[ed] from . . . weather conditions" (G. L. c. 84, § 21, as appearing in St. 1965, c. 378, § 3), the plaintiffs were not required to give the defendant Brotherhood notice. Notice is required only to owners, tenants and persons who are in possession or are responsible for the upkeep of the premises. Compare *Sweet* v. *Pecker*, 223 Mass. 286, 288 (1916); *Bychower* v. *United Cigar Stores Co.*, 253 Mass. 542, 543 (1925). As Brotherhood was none of these, it was not entitled to notice.

2. *Did the argument of plaintiffs' counsel exceed the bounds of fair comment on the evidence.* We merely pause here to say that the defendant did not object to the plaintiffs' argument. See Mass.R.Civ.P. 46, 365 Mass. 811 (1974). See also *Commonwealth* v. *Johnson*, 374 Mass. 453, 458 (1978). Moreover, for all that appears from the portions of the transcript reproduced in the record appendix, we have no way of know-

---

[1] Fitzmaurice Motor Sales, Inc., having settled, is not party to this appeal.

ing whether a request was made for a curative instruction, or whether in fact such an instruction was given.

3. *Whether it was error to deny Brotherhood's motion for correction of the judgment.* a. The judge correctly denied Brotherhood's motion to reduce the amount of the verdicts by the percentage of negligence attributed to the codefendant Fitzmaurice. The "Massachusetts Legislature did not accept [the Wisconsin rule] requiring contribution by joint tortfeasors in proportion to the degree of their negligence." *Graci* v. *Damon,* 6 Mass. App. Ct. 160, 169 (1978), *S.C.,* 376 Mass. 931 (1978). See also Nolan, Tort Law § 302, at 463 (1979). b. Brotherhood's argument that the judge should have applied in some way the formula developed in *Boston Edison Co.* v. *Tritsch,* 370 Mass. 260, 265 (1976), to reduce its liability was not presented at the trial below. See *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 724 (1976); *Gerber* v. *Ty-Data, Inc.,* 5 Mass. App. Ct. 898 (1977). Neither the judge nor the jury was made aware of the details of the settlement with Fitzmaurice or of the actual receipt of any payment thereunder. Compare *Tritsch* v. *Boston Edison Co.,* 363 Mass. 179, 182 (1973). Moreover, this ground for reducing liability was not incorporated in Brotherhood's motion for correction of the judgment. But see *id.* at 183 for guidance in similar circumstances.

4. *Whether the award of attorney's fees was proper.* We think that the allowance of an attorney's fee was error. There has been no showing here to take this case out of the "general principle that a litigant must bear his own expenses." *Commissioner of Ins.* v. *Massachusetts Acc. Co.,* 318 Mass. 238, 241 (1945). *Bournewood Hosp. Inc.* v. *Massachusetts Commn. Against Discrimination,* 371 Mass. 303, 311-312 (1976). See also *Harrison* v. *Textron Inc.,* 367 Mass. 540, 554-555 & n.11 (1975). But see G. L. c. 231, § 6F, inserted by St. 1976, c. 233, § 1.

5. *Whether it was error to require the defendant to post a bond pending appeal.* There is no authority under our law that permits a trial judge to order the posting of a bond in circumstances such as those presented here. Compare Mass.R.Civ.P. 62(d), 365 Mass. 830 (1974), with Fed.R. Civ.P. 62(d). Contrast G. L. c. 231, § 60B, G. L. c. 231, § 104; G. L. c. 239, § 5. Contrast also G. L. c. 231, § 117; Mass.R.A.P. 6(b)(1), as amended effective July 1, 1979, 378 Mass. 931 (1979); *Schlager* v. *Board of Appeal of Boston,* 9 Mass. App. Ct. 72, 75-76 (1980).

The orders denying Brotherhood's several posttrial motions pursuant to Mass.R.Civ.P. 50(b), 59(a), and 60(a), 365 Mass. 814, 827, 828 (1974), are affirmed. The orders allowing attorney's fees and requiring the posting of a bond are reversed. The judgments are affirmed. Neither party is to have costs of appeal. Mass.R.A.P. 26(a), 365 Mass. 873 (1974).

*So ordered.*

*Willis A. Downs* for the defendant.
*Geoffrey A. Domenico* for the plaintiffs.