BRYCE HUDSON vs. JOHN OLIVEIRA & another; HARRIET TRANSPORT, INC. & another, third-party defendants. August 22, 1980. On July 10, 1962, the plaintiff Hudson brought an action in the Court of Common Pleas, Philadelphia, Pennsylvania, against the defendant Oliveira for personal injuries arising out of an accident which occurred on July 13, 1960. On the latter date, while at work in a warehouse in Philadelphia, Hudson's hand was crushed between the side of one truck and the back door of another truck operated by Oliveira and owned by his employer, Harriet Transport, Inc. (Harriet). Oliveira was defaulted; damages were assessed at a subsequent hearing, and on July 3, 1968, judgment was entered for Hudson against Oliveira.[1]

---

[1] Harriet was originally a party defendant in the Pennsylvania action, but on May 12, 1964, its workmen's compensation carrier, American Mutual Liability Insurance Company, reached a settlement with Hudson and obtained his release of all claims against Harriet. As the legal effect, if any, of the settlement and release has not been raised by any of the parties, we do not consider it.

10 Mass. App. Ct. 811       869

Rescript Opinions.

On December 2, 1968, Hudson brought an action on the Pennsylvania judgment against Oliveira in the Superior Court. Oliveira joined his employer, Harriet, as a third-party defendant, alleging that the accident had occurred in the course of Oliveira's employment and that defense of the Pennsylvania action should have been undertaken by Harriet. Harriet, in turn, brought separate actions against two of its insurance carriers — Truck Insurance Exchange (Truck), its motor vehicle liability insurance carrier, and American Mutual Liability Insurance Company (American), its workmen's compensation insurance carrier — alleging that these insurance carriers were liable to Harriet for any amount that might be adjudged against it in Oliveira's third-party action.

On June 3, 1976, a Superior Court judge, on Hudson's motion, entered summary judgment against defendant Oliveira in the action on the Pennsylvania judgment.

On March 15, 1977, all of the remaining actions were consolidated for a jury-waived trial. Oliveira amended his pleadings to add Truck as an additional third-party defendant; and Hudson amended his pleadings to add two bills to reach and apply pursuant to G. L. c. 214, § 3, proceeds of Harriet's insurance policy issued by Truck. The amendments of both parties were allowed. Hudson's first bill to reach and apply was based on the Pennsylvania judgment, and the second was based on the Massachusetts summary judgment.

On Hudson's bill to reach and apply, a District Court judge sitting under statutory authority found, based on the Pennsylvania judgment, that Truck was obligated to Hudson in the full amount of the judgment. (No finding was made on Hudson's count against Truck based on the Massachusetts judgment.) The judge found for Harriet and Truck on Oliveira's third-party action. The judge made no findings on Harriet's actions against Truck and American. Truck and Oliveira are appealing from the ensuing judgment.

1. Truck's principal contention on appeal centers on the question whether Hudson has stated a cause of action to reach and apply the proceeds of the liability insurance policy issued by Truck to Harriet.

(a) Summary judgment was properly entered for Hudson, as the judge found that Hudson had sustained his burden of establishing a valid Pennsylvania judgment against Oliveira. See G. L. c. 235, § 14(a). Contrast *Rogan* v. *Liberty Mut. Ins. Co.*, 305 Mass. 186, 188 (1940). Oliveira has raised no issue as to "whether proper jurisdiction was had over" him in Pennsylvania. *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.*, 369 Mass. 968, 969 (1976).

(b) The judge's finding that Truck is liable to Hudson under G. L. c. 214, § 3(9), is adequately supported by the record. See Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). There was evidence that at the time of the accident, Oliveira was employed by Harriet as a truck driver and that Harriet was insured by a motor vehicle liability policy issued by Truck. As

Rescript Opinions.

Oliveira was operating Harriet's vehicle in the course of his employment, the judge could properly determine that Oliveira was covered by the liability policy issued by Truck to Harriet. See *Miller* v. *United States Fid. & Guar. Co.*, 291 Mass. 445, 448-449 (1935). There was no error.

(c) We pass Truck's argument that an action to reach and apply cannot be predicated on a foreign judgment, as it is being raised for the first time on appeal. See *Gerber* v. *Ty-Data, Inc.*, 5 Mass. App. Ct. 898 (1977).

(d) Likewise, we need not consider Truck's argument made here for the first time that Hudson must prove that Oliveira is an "unnamed insured."

(e) For all that appears, Truck's argument relative to the statute of limitations is not properly before us. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). In any event, it is meritless.

(f) We find nothing in Truck's answer, in its motion to amend the judge's findings, or in the judge's amended findings to suggest that the question whether Harriet's insurance coverage was compulsory or non-compulsory under State or Federal law was ever presented to the judge below. See *Gerber* v. *Ty-Data, supra*. However, even if we were to reach Truck's argument that certain defenses are available to it, we think that any such defenses are either spurious or groundless.

(g) Truck has raised no question as to propriety of the judge's allowing Hudson to amend his complaint. In any event, there was no error. See *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 626-629 (1977).

2. In Oliveira's third-party action against Harriet, the judge found that "[t]here was no fraud, deceit or misrepresentation by Harriet." In Oliveira's third-party action against Truck, the judge found that the liability of Truck had not been established. Oliveira challenges the sufficiency of these findings. These findings do not comply with Mass.R.Civ. P. 52(a), 365 Mass. 816 (1974), which requires the court to "find the facts specially and state separately its conclusions of law thereon." Moreover, they are not sufficiently supported by the evidence. We thus conclude that they are "clearly erroneous" within the meaning of rule 52(a). See *Sanguinetti* v. *Nantucket Constr. Co.*, 5 Mass. App. Ct. 227, 228 (1977).

The court should have made subsidiary findings with regard to the various alleged misrepresentations on the part of Harriet and Truck, respectively. In addition, there were no findings with regard to any question of estoppel on the part of Harriet. Nor were there any findings as to whether Harriet alone or with Truck, its insurer, undertook to conduct Oliveira's defense, and if so undertaken, whether either did so in an actionable manner. See Nolan, Tort Law § 172 (1979); Restatement (Second) of Torts §§ 323, 325 (1965).

Even though the evidence is reported, because matters of credibililty are involved, we decline to make additional findings of fact. Compare *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 161 (1977).

Accordingly, this branch of the case must be remanded to the Superior Court to make the findings required by rule 52(a).

3. None of the parties has made an argument with regard to Harriet's third-party actions against Truck and American; therefore, any rights which they might have had are deemed waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

The judgment in the primary action (26988) is affirmed, the judgments in third-party actions (26988A & B) are reversed, and those portions of the case are remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

*Frank H. Handy, Jr.,* for Truck Insurance Exchange.
*Louis J. Ostric* for John Oliveira.
*Irving H. Sheff* for the plaintiff.