Barrett *v.* Leary.

CAROL A. BARRETT *vs.* ROBERT D. LEARY & another.[1]

No. 92-P-192.

Middlesex. February 9, 1993. - June 25, 1993.

Present: DREBEN, SMITH, & GILLERMAN, JJ.

*Evidence*, Videotape. *Judge. Jury and Jurors. Constitutional Law*, Jury.

At a jury trial, it was error requiring reversal for the judge to absent himself from the courtroom during the playing of videotape depositions of each side's expert medical witnesses, which had been introduced in evidence in lieu of the experts' live testimony. [660-662]

This court concluded that, during any jury trial, criminal or civil, the judge shall be present in the courtroom while evidence is being presented and, as the judge's absence so affects the fundamental fairness of a trial, it is not necessary for a party on appeal to show prejudice in order to obtain a new trial. [661-662]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1987.

The case was tried before *Joseph S. Mitchell, Jr.*, J.

*Mark A. White* for the plaintiff.

*Arthur E. Levine* for Robert D. Leary.

SMITH, J. On November 7, 1986, the plaintiff, Carol Barrett, was involved in a three-vehicle accident. The plaintiff brought an action against the defendants, seeking damages for a herniated disc which she claimed she suffered as a result of the accident.

The matter came to trial before a Superior Court judge sitting with a jury. The plaintiff and the two defendants testified about the liability aspect of the plaintiff's complaint. There was no live testimony from the medical experts. Instead, videotaped depositions of medical experts for each side were marked and introduced in evidence at trial.

---

[1]Francis R. Cavaliere.

Mass.R.Civ.P. 30A(a), 382 Mass. 824 (1981), & (m)(5), as amended, 406 Mass. 1405 (1990).

Just after the commencement of the playing of the first videotaped deposition (the plaintiff's medical expert), the judge left the courtroom without comment or explanation to counsel or to the jury. The court reporter also left. At the conclusion of the first deposition, the lawyers met with the judge in his lobby and requested that he return to the bench; he refused. The other videotaped deposition was then shown to the jury without the judge or court reporter present.[2]

At the conclusion of the trial, the judge submitted special questions to the jury. In response to the questions, the jury found both defendants negligent. The jury, however, failed to find any causal relationship between the defendants' negligence and the plaintiff's alleged injury.

On appeal, the plaintiff claims, among other things, that the trial judge committed prejudicial error when he absented himself from the courtroom while the videotaped depositions were being played.[3] We agree and order a new trial.

Two years before the trial of this case, the Supreme Judicial Court decided *Commonwealth* v. *Bergstrom*, 402 Mass.

---

[2]At oral argument, the panel asked the lawyers for each party if the judge had given any reason for leaving the bench. According to the lawyers, the judge stated in his lobby that there was no requirement in the rule that he remain on the bench during the showing of a videotaped deposition. That lobby conference was unrecorded.

Later, after the judge returned to the courtroom and the court reporter was in place, defense counsel moved for a mistrial on the ground that the judge was absent during the playing of the videotaped depositions. The judge responded, on the record, "Give me the case that says that I have to be there. Just give me a case that says that." The judge then denied the request for a mistrial.

The panel also learned at oral argument that other Superior Court judges, although very few in number, have adopted the same practice under scrutiny here.

[3]The defendants claim that the plaintiff waived any rights she may have had concerning the judge's absence from the courtroom because she failed to object on the record.

At argument, the defendants conceded that at the lobby conference previously referred to, the plaintiff did object to the judge's absence from the bench. Under the unique circumstances of this case, we hold that Mass.R.Civ.P. 46, 365 Mass. 811 (1974), was satisfied.

534 (1988). In *Bergstrom*, the court was called upon to interpret G. L. c. 278, § 16D (1986 ed.), which, under certain circumstances, allowed a child witness or victim of certain sexual crimes to testify by electronic means outside the presence of the defendant. *Id.* at 535-538. The statute also permitted the judge to be absent physically either from the courtroom or from the place where the testimony was given.[4] In its analysis, the court commented on that aspect of the statute.

The court noted that "[i]n general, evidence in a jury trial can be given only in the presence of the judge, whose duty it is to be present and to be the directing mind over whatever goes on . . . ." *Id.* at 551, quoting from *Commonwealth* v. *Dascalakis*, 246 Mass. 12, 30 (1923). When shown to a jury, a videotape deposition is evidence. The fact that the trial judge had prescreened the deposition and had made rulings on objections made at the time the deposition was recorded did not warrant his absence from the courtroom while it was being played for the jury.

Further, a judge's "function [at a trial] goes beyond ruling on evidentiary matters. In [his or] her hands rests the responsibility of ensuring that a trial in its entirety proceeds fairly and properly. The defendant has a right to be tried and adjudged in a courtroom in which no spectators, jurors, or court personnel may influence inappropriately the final judgment . . . . In short, a judge's physical absence from the courtroom renders proper control of the entire trial procedure an impossibility." *Commonwealth* v. *Bergstrom, supra* at 551-552.

We recognize that in *Bergstrom*, the court was concerned with the question of the absence of the judge from the courtroom during the presentation of evidence at a *criminal* trial. The court noted, however, that "[i]t is a part of the right of

---

[4]For example, in *Bergstrom*, the judge, prosecutor, defense counsel, the child witness's grandmother, and a video technician were in a room apart from the courtroom while the defendant remained in the courtroom with the jury. The jury and the defendant watched the child testify by means of a television monitor.

trial by jury as established by the law of this Commonwealth that each party is entitled to the assistance and protection of the judge throughout the trial." *Commonwealth* v. *Bergstrom, supra* at 551, quoting from *Commonwealth* v. *Dascalakis*, 246 Mass. at 30. Trial by jury in a civil case is a right secured by art. 15 of the Declaration of Rights of the Constitution of Massachusetts. *Higgins* v. *Boston Elev. Ry.*, 214 Mass. 335, 336 (1913). Surely parties in a civil action are entitled to the same assistance and protection of the judge throughout the trial as are defendants in criminal cases. Therefore, we hold that, during *any* jury trial, a judge shall not absent himself from the courtroom while evidence is being presented. Further, we rule that the judge's absence so affects the fundamental fairness of a trial that it is not necessary for an appellant to show prejudice in order to obtain a new trial.[5]

The judgment is reversed and the case is remanded for a new trial.

*So ordered.*

---

[5]Because we have ruled that the plaintiff objected to the judge's absence (note 3), we do not address the issue whether the parties may agree to the judge's absence from the courtroom during the presentation of evidence. However, parties should not be asked by judges to consent to their absence.