MICHAEL MCSWEENEY *vs.* BUILD SAFE CORPORATION.

Norfolk. January 6, 1994. - April 28, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Evidence*, Videotape. *Judge. Jury and Jurors. Constitutional Law*, Fair
   trial.

Although this court noted that it was not endorsing the conduct of a judge
   at a civil jury trial who left the courtroom during the playing of a
   videotaped deposition, it declined to impose a per se rule and to order a
   new trial in circumstances·in which not only had there been no objec-
   tion to the judge's absence, but also no showing of any prejudice arising
   from it. [613-614]

CIVIL ACTION commenced in the Superior Court Depart-
ment on June 30, 1986.

The case was tried before *Joseph S. Mitchell, Jr.*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Jacqueline J. Sullivan* (*Edward J. Barrett* with her) for
the defendant.

*Sara J. Trezise* (*Michael R. Rezendes* with her) for the
plaintiff.

LYNCH, J. After the Appeals Court reversed and remanded
a judgment for the plaintiff, see *McSweeney* v. *Build Safe
Corp.*, 35 Mass. App. Ct. 1103 (1993), we granted the plain-
tiff's application for further appellate review. We need only
decide the issue of the propriety of the judge's leaving the
courtroom during the playing of a videotaped deposition.
Otherwise we agree with the reasoning and conclusions of
the Appeals Court. Although we affirm the judgment of the
Superior Court, we do not endorse the judge's conduct.

The judge left the courtroom while the jury viewed a
videotape of testimony of the plaintiff's treating physician.

At the conclusion of the videotape, the judge returned and the following exchange occurred:

| | |
|---|---|
| THE CLERK: | "Your Honor, this is the videotape that the jury just watched. Counsel would like to have it marked as an Exhibit." |
| DEFENSE COUNSEL: | "I'll object to that Exhibit, Your Honor." |
| THE JUDGE: | "I'll overrule the objection. The jury's already seen it." |
| DEFENSE COUNSEL: | "But [they are] taking the testimony of the witness back to the jury room with them." |
| THE CLERK: | "Exhibit Number 6, Your Honor?" |
| THE JUDGE: | "Right." |
| THE CLERK: | "Thank you. Dr. Goodman's video tape." |
| [COURT REPORTER]: | "(The above described item has been marked as Exhibit Number 6 and received into evidence.)"[1] |

The jury returned a verdict for the plaintiff assessing damages in the amount of $100,000.

---

[1]Rule 30A (m) (4) of the Massachusetts Rules of Civil Procedure, as appearing in 406 Mass. 1403 (1990), provides: "When an audio-visual expert witness deposition for trial is taken, all evidential objections shall, to the extent practicable, be made during the course of the deposition. If any party has made objections during the course of the . . . deposition which would otherwise be made at trial, pursuant to [Mass. R. Civ. P. 32 (b), as amended, 392 Mass. 1105 (1984)], such objections shall be filed with the trial judge or a motion judge . . . no later than twenty-one (21) days before the commencement of the trial. Objections not so submitted shall be deemed waived, except to the extent that events at the trial, which could not have reasonably been foreseen by the objecting party, necessitate an objection at trial. . . . The party making the objection shall be responsible for providing the judge with a stenographic record of the deposition, unless it is already on file at the court. . . . The judge shall rule on the objections

The Appeals Court reversed the judgment because of the judge's absence during the videotaped testimony. According to the Appeals Court, the fact that the record did not demonstrate that the judge was requested or refused over objection to be present did not diminish the "direct effect the judge's absence has upon the fundamental fairness of a trial."

The Appeals Court relied on *Barrett* v. *Leary*, 34 Mass. App. Ct. 659 (1993).[2] In *Barrett*, the judge left the courtroom during the videotaped deposition of the plaintiff's expert. At the conclusion of the deposition the attorneys met

prior to the commencement of trial or hearing and give notice to all parties of the rulings and instructions as to editing."

Here, the expert's deposition was taken during trial. Objections could not be filed with the trial judge twenty-one days in advance. However, there is no indication that, in advance of the playing of the deposition, defense counsel brought to the judge's attention any objection to the deposition. We note that, on the first day of trial, prior to the playing of the defendant's expert witness videotape, defense counsel informed the court that the videotape would be stopped at one point because of an objectionable matter. No similar notice was provided prior to the playing of the plaintiff's expert witness videotape. Thus, the defendant did not timely object to the substance of the plaintiff's expert testimony. Given the procedures established by Mass. R. Civ. P. 30A (m), the defense's contention that it was denied a fair trial because of the judge's failure to rule on objections it had made during the deposition is unpersuasive. Defense counsel should have made her objections known to the judge prior to the playing of the videotape. Even though the videotape deposition was taken during the trial, we conclude that defense counsel had the opportunity to inform the judge of her objections prior to the playing of the videotape.

As the defendant notes parenthetically, the judge erred in admitting the videotape as an exhibit. "Any portion of the audio-visual recording so introduced shall be part of the record, and subject to the provisions of Rule 30A (h), but not an exhibit." Mass. R. Civ. P. 30A (k) (4), as appearing in 393 Mass. 1238 (1984). Rule 30A (k) (4) is applicable to audio-visual expert witness depositions for trial. The purpose of this requirement is to ensure that the testimony by audio-visual recording is not accorded more weight than live testimony. See Reporters' Notes to Mass. R. Civ. P. 30A, Mass. Ann. Laws, Civil Procedure, at 88-89 (Law. Co-Op. Supp. 1993). There is nothing in the record indicating that the jury had the videotape or viewed it during deliberations. The inferences are all to the contrary. The defendant does not raise the issue here nor did it do so in the Appeals Court. We conclude that the erroneous admission of the videotape as an exhibit was not prejudicial.

[2]*Barrett* v. *Leary*, 34 Mass. App. Ct. 659 (1993), involved the same judge as the present case.

with the judge and requested he return for the videotaped deposition of the defendant's expert.[3] The judge refused. *Id.* at 660. During the conference, the plaintiff objected to the judge's absence. Although the plaintiff's objection was not made on the record, the Appeals Court noted that, because of the unique circumstances of the case, the requirements of Mass. R. Civ. P. 46, 365 Mass. 811 (1974), were satisfied.[4] *Id.* at 660 n.3. The *Barrett* court held that, "during *any* jury trial, a judge shall not absent himself from the courtroom while evidence is being presented. Further the judge's absence so affects the fundamental fairness of a trial that it is not necessary for an appellant to show prejudice in order to obtain a new trial." (Emphasis in original.) *Id.* at 662. The *Barrett* court did not address what the appropriate result would be if the parties failed to object or agreed to the absence of the judge. *Id.* at 662 n.5.

We have questioned whether a fair trial in a criminal action can be achieved when the judge is not present in the courtroom or in the place where testimony is given. See *Commonwealth* v. *Bergstrom*, 402 Mass. 534, 551 (1988). We have recognized that a judge, through his presence, serves as a sentry charged with "ensuring that a trial in its entirety proceeds fairly and properly." *Id.* at 551. Further, we have determined that "the presence of the judge *throughout* the trial is a matter of fundamental fairness" (emphasis added). *Id.* at 552.

Since by absenting himself the judge placed the fairness of the proceeding in jeopardy, we must decide what, if any, remedial action is required. Although we are troubled by the absence of the judge during the playing of the videotaped

---

[3]This conference was not recorded. *Id.* at 660 n.2.

[4]"Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him." Mass. R. Civ. P. 46, 385 Mass. 811 (1974).

deposition, we conclude that retrial is not required. Defense counsel objected solely to the videotape being made an exhibit and not to the judge's absence from the courtroom. Even if we accept the defendant's suggestion that the only possible time it could object was when the judge returned to the bench, the fact remains that the substance of the defendant's objection was to the admission of the videotape as an exhibit.

Although the defendant argues that it was deprived of a fair trial by the judge's absence, it fails to demonstrate, in any specific way, how this is so. Not only was there no objection to the judge's absence, there has been no showing of any prejudice arising from it. In such circumstances we decline to impose a per se rule and to order a new trial.

*Judgment affirmed.*