Agnes, Peter W., J.
This motion follows a dismissal of an action pursuant to G.L.c. 40A, §17, appealing the grant of a special permit to Global Property Developers (“Global”) to build a two hundred and forty, multi-unit residential and mixed-use community in the Whalom Overlay District. On September 29, 2006, this court dismissed plaintiffs’ appeal for lack of standing. See Memorandum and Decision and Order on Global Property Developer’s Motion to Dismiss (Agnes, J.) [21 Mass. L. Rptr. 473]. The plaintiffs have filed a notice of appeal and it is pending. Defendants therefore have moved to require plaintiffs to render a surety bond in sufficient sum as a condition of the appeal— either in the amount of $1,026,676.92 to cover the costs that will be incurred by Global due to delays in construction pending the appeal, or in the alternative, a surety bond in the amount of $391,676.92, the estimated cost of real estate taxes, property maintenance, and interest on the development loan pending the appeal.
In Broderick v. Board of Appeal of Boston, the SJC explained that in appropriate circumstances, ajustice of the Superior Court has the authority to require a party, appealing the entry of a final decree in an equitable proceeding such as a zoning case, to file a surety bond “in an amount which is sufficient to protect the interests of the appellee and is otherwise appropriate.” 361 Mass. 472, 475-76 (1972) (“Appeals to this court under St. 1956, c. 665, §11 (cf. G.L.c. 40A, §21), are subject to the same statutory rules as apply in other equity proceedings”). In Schlager v. Board of Appeal of Boston, the court clarified that this language in Broderick was applicable to zoning appeals brought pursuant to G.L.c. 40A, §17. 9 Mass.App.Ct. 72, 76 n.9 (1980). Both cases relied on factors listed in Damaskos v. Board of Appeal of Boston, in determining the amount of the surety bond,
[B]ond requirements of §11 are to be interpreted in somewhat the same manner as the similar provisions of Rule 65(c) of the Federal Rules of Civil Procedure . . . where it was said that Rule 65(c) of the Federal Rules of Civil Procedure “leaves it to the . . . [j]udge to order the giving of security in such sum as the court considers proper. This would indicate plainly that the matter of requiring security in each case rests in the discretion of the . . . (j]udge.” ... The words of § 11 (“a bond with sufficient surety, to be approved by the court, for such a sum as shall be fixed by the court,” comparable to the language of the Federal rule), also reasonably may be read as discretionary. The discretion should be exercised in a manner to accomplish the purpose of §11 ... (a) “to discourage frivolous and vexatious appeals from decisions of the Boston board” of appeal, but not (b) unreasonably to prohibit, directly or indirectly (by requiring too large a bond), meritorious appeals . .. *425 from allegedly illegal variances. So interpreting §11, and applying usual equitable principles to the requirement of a bond, frivolous appeals (or appeals by an aggrieved party not seriously harmed by the variance) may be discouraged by a decree ordering a bond with a penal sum sufficient to protect the grantee of the variance fully. On the other hand, where an aggrieved person may be seriously harmed and has a meritorious case, the bond requirement may be so applied as to avoid obstructing proper appeals. 359 Mass. 55, 63-64 (1971) (internal footnotes and citations omitted) (emphasis in original).
As the plaintiffs original complaint contained only “unsubstantiated, hypothetical, and conjectural claims,” and the likelihood of succeeding on appeal is doubtful considering this court’s dismissal of plaintiffs’ complaint, a surety bond is entirely appropriate. See Memorandum of Decision and Order on Global Property Developer’s Motion to Dismiss at 7.
To appropriately assess the interests of both parties in this case, considered in light of the factors listed in Damaskos, there should be a hearing to determine the bond requirement. Defendants have filed an affidavit of Carl Pearson, the Vice President of Global, who estimates that Global will incur costs that will exceed $1,026,676.92 during the pendency of this appeal. Plaintiffs are invited to respond to this, and offer their own affidavits in support of their position which are to be filed and served upon in advance of the hearing. If no affidavits are filed by the plaintiffs within 14 days of this order, the court will act on the papers.

Order

For the foregoing reasons, it is therefore ORDERED that the parties schedule a hearing to determine a sufficient sum for a surety bond pending appeal.