Curtin, J.
Third-party plaintiffs Michael Herman (“Herman”) and Catherine Van Lancker (“plaintiffs”) purchased a home in Ashland, Massachusetts owned by Ralph Bissonette (“Bissonette”). Horne Realty, Inc. (“Horne”) was the real estate agency that represented Bissonette, the seller, and Norman L. Robinson (“Robinson”) was Horne’s agent and vice president. The parties’ controversy arose from an in-law suite in Bissonette’s home, into which the plaintiffs intended to move Herman’s ailing mother. Shortly after the plaintiffs purchased the home, Herman contacted the local building inspector to inquire about making modifications to the in-law suite. He was informed that Bissonette had never obtained the required special building permit for an in-law suite from the zoning board of appeals and, consequently, that the in-law suite failed to comply with the Ashland Building Code and was illegal.
Before the plaintiffs purchased the properly, they signed a “Dual Agency Agreement” consenting to Robinson’s representation of both them, as buyers, and Bissonette, as seller. The plaintiffs alleged that Robinson failed not only to inform them that the in-law suite was not in compliance with the building code, but also to verify Bissonette’s description of the property. The plaintiffs, thus, sought recovery in this action for Robinson’s alleged negligent misrepresentation, breach of his duty to disclose, and unfair and deceptive acts in violation of G.L.c. 93A.
Prior to trial, Bissonette reached a settlement with Herman and agreed to pay $18,500.00 from funds being held in escrow by Attorney Wilsker (“Wilsker”), who was the closing attorney. The plaintiffs claimed that the total cost of the work necessary to bring the in-law space into compliance with the building code was $64,000.00, and proceeded to trial against Robinson and Horne to recover that sum. After a jury trial, a verdict was entered in favor of Herman for $22,400.00. The trial judge ruled *120 in favor of Robinson and Horne on the plaintiffs’ G.L.c. 93A claim.
The plaintiffs brought this appeal, arguing that the trial judge improperly (1) instructed the jury as to the principle of joint and several liability by informing the jury that Bissonette, who had previously settled with the plaintiffs and was no longer a defendant, was the “primary culprit,” and that the jury could also apportion damages as to Wilsker, who was also not a party to the action, (2) reduced the damages awarded by the jury, and (3) removed himself from the courtroom during the evi-dentiary hearing on their G.L.C. 93A claim.
1. In assessing the validity of a jury instruction, a reviewing court will examine the instruction in its entirety to determine “whether the trial judge has clearly, adequately, and correctly explained to the jury the principles that ought to guide and control their action, and a good objection will lie only if a critical issue was not dealt with at all or was dealt with erroneously as a matter of law.” Torre v. Harris-Seybold Co., 9 Mass. App. Ct. 660, 678-679 (1980). While a party may not raise on appeal claims of error in jury instructions that were not objected to at trial, Kaltsay v. Duralite Co., 4 Mass. App. Ct. 634, 638-639 (1976), the record is clear that the plaintiffs specifically objected to this instruction.
The jury instruction at issue was given as follows:
And then on the negligent causes of action, we have to shift to a different form because we have to talk about contributory or apportionment negligence. We’re one of the states that allows you to apportion blame. So, we have Mr. Bissonette who was the homeowner, and I think everybody would agree he was the primary culprit. But Mr. Bissonette got out from under all this because he had no money, he settled for short money because he had no money, and I’m not attributing any blame to the plaintiff for that because they had to get what they could get, but Mr. Bissonette I think everybody agrees was the main bad guy.
Okay, so now he’s out of the picture; what do you do? Do you go to the other parties and assess blame, or do you say Mr. Bissonette was the only person who is blameworthy? That’s for you to decide: I have no say in it. But there are people to whom you should look and first, Mr. Robinson, Mr. Horne, and then there’s no suit right now against Mr. Wilsker but there’s no reason why you can’t consider if this attorney had anything to do in sharing the blame, even though he’s not a named party. Because you as triers of the fact can apportion liability and you can apportion damages among anybody in the world who you think might have helped contribute to this.
While the trial judge conveyed, correctly, the message that the jury need not find the defendants to the action solely liable, Shantigar Found. v. Bear Mountain Bldrs., 441 Mass. 131, 141 (2004), his instruction to the jury strongly suggested that the bulk of the liability rested with Bissonette. It is clear from the verdict slips and the questions asked by the jurors that they apportioned liability among Wilsker and Bissonette and, as a result, reduced the verdict against Robinson and Horne.
The general rule in Massachusetts is that “if two or more wrongdoers negligently contribute to the personal injury of another by their several acts, which operate *121 concurrently, so that in effect the damages suffered are rendered inseparable, they are jointly and severally liable.” Feneff v. Boston & Maine R.R., 196 Mass. 575, 581 (1907). Concurrent tortfeasors are severally liable for all the harm and damage caused by their tortious conduct regardless of whether they acted separately or in concert, whether their acts were separated in time, or whether it is impossible to determine what portion of the plaintiffs injuries was caused by each. See Schloesser v. Murphy, 30 Mass. App. Dec. 180, 187 (1966).
In Shantigar Found., the Supreme Judicial Court directly addressed the issue of whether a tortfeasor who has already reached a settlement agreement with the plaintiff should be considered a “defendant” under the contributory negligence statute, G.L.c. 231, §85,[5] for purposes of apportioning liability. Id. at 141-144. The Court held that the statute “does not direct the jury to apportion negligence among all tortfea-sors who may have caused the injury, only those against whom recovery is sought,” id. at 137-138, and that “the removal of absent tortfeasors from the jury’s consideration comports with the Legislature’s intent and is consistent with the Massachusetts statutory schemes of joint and several liability, and contribution.” Id. at 141.
The “judge shall instruct the jury to determine the damages that the defendant substantially caused, and the judge shall malee the appropriate reduction in the amount to be awarded to a plaintiff if the jury returns a plaintiffs verdict.” Morea v. Cosco, Inc., 422 Mass. 601, 603 (1996). The settlement between the plaintiffs and Bissonette did not act as a limit on the amount that the plaintiffs could collect from Horne and Robinson, nor did it establish a percentage by which any judgment should have been reduced. The plaintiffs were entitled to receive full damages from Robinson and Horne, who, in turn, could initiate a separate action for contribution from the other defendants if they paid more than their pro rata share of the liability. Thus, it was error for the trial judge to instruct the jury to apportion damages among all alleged tortfeasors who were not defendants at trial. The apportionment of fault should have been confined to those parties participating in the trial. Shantigar Found., supra at 143-144.
2. The plaintiffs next argue that the trial judge incorrectly reduced the jury verdicts against Robinson and Horne because the only appropriate reductions should have been the amount of contributory negligence attributable to the plaintiffs and the settlement amount they received from Bissonette. They contend that while the judge properly reduced the damages by the amount of the plaintiffs’ negligence, it was error for the judge also to reduce the damages by the percentage of liability the jury apportioned to Wilsker and Bissonette.
*122 A plaintiffs good faith release of one joint tortfeasor does not absolve the remaining tortfeasors of their liability to the plaintiff. G.L.c. 231 B, §4(a). See also Tritsch v. Boston Edison Co., 363 Mass. 179, 182-183 (1973). However, the liability of the remaining tortfeasors must be reduced by the greater of the amount of the release, or the amount of consideration paid for the release. G.L.c. 231B, §4(a). The defendants may also bring an action for contribution from other responsible tortfeasors neither joined in the suit, nor involved in a settlement agreement. Tritsch, supra at 183. It is clear in Massachusetts that the purpose of allowing a jury to apportion liability percentages is “to ascertain the negligence percentage of the plaintiff, so that her award of damages can be reduced to reflect her negligence.” Shantigar Found., supra at 141, quoting J.W. Glannon, Liability of Multiple Tortfeasors in Massachusetts: The Related Doctrines of Joint and Several Liability, 85 Mass. L. Rev. 50, 52 (2000). Once the jurors have been instructed to determine the monetary damages caused by the defendant, the judge must then reduce that amount by the amount paid by the settling tortfeasor. In the present case, the jury’s $64,000.00 award was properly reduced by the plaintiffs’ ten percent contributory negligence to $57,600.00. The defendants would then have been liable for this amount, subject to the setoff of the $18,500.00 paid by Bissonette, resulting in an award to the plaintiffs of $39,100.00. It was error for the court to reduce the plaintiffs’ damages by a percentage of the total liability attributable to other tortfea-sors. MacLachlan v. Brotherhood Oil Corp., 10 Mass. App. Ct. 811, 812 (1980).
3. The plaintiffs’ final argument is that it was error for the judge to absent himself from the bench trial held on their G.L.c. 93A claim.
The judge informed the parties that he would not remain on the bench to hear evidence on the c. 93A count as he had other trials to conduct, but that all of the parties’ rights on appeal were preserved. The plaintiffs’ attorney objected, and the judge permitted him to argue in support of that objection. The judge then left the bench, and the parties submitted evidence and exhibits in his absence.
It is elementary that the presence of the judge is critical during the course of a trial. See Commonwealth v. Bergstrom, 402 Mass. 534, 551(1988); Barrett v. Leary, 34 Mass. App. Ct. 659, 662 (1993). ‘“[A] judge, through his presence serves as a sentry charged with ensuring that a trial in its entirety proceeds fairly and properly,”’ McSweeney v. Build Safe Corp., 417 Mass. 610, 613 (1994), quoting Bergstrom, supra at 551, and the judge’s presence “throughout the trial is a matter of fundamental fairness” (emphasis added). Bergstrom, supra at 552. This basic requirement is operative in both criminal and civil proceedings. Commenting on jury trials in civil cases, the Appeals Court stated that “during any jury trial, a judge shall not absent himself from the courtroom while evidence is being presented,” Barrett, supra at 662, and ruled that “the judge’s absence so affects the fundamental fairness of a trial that it is not necessary for an appellant to show prejudice in order to obtain a new trial.”[6] Id. *123 In short, it was error for the trial judge to absent himself from the bench trial of the plaintiffs’ G.L.c. 93A claim.
The judgments for the plaintiffs on their negligent misrepresentation and breach of a duty to disclose claims and for the defendants on the plaintiffs’ c. 93A claim are vacated. The case is returned to the Framingham Division of the District Court Department for a new trial.
So ordered.

 Section 85 of G.L.c. 231 provides, in pertinent part: “Contributory negligence shall not bar recovery in any action ... to recover damages for negligence ... if such negligence was not greater than the total amount of negligence attributable to the person or persons against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made. In determining by what amount the plaintiffs damages shall be diminished in such a case, the negligence of each plaintiff shall be compared to the total negligence of all persons against whom recovery is sought. The combined total of the plaintiff’s negligence taken together with all of the negligence of all defendants shall equal one hundred per cent.”

 In McSweeney, supra at 613-614, the judge “placed the fairness of the proceeding in jeopardy” by absenting himself from the courtroom during the playing of a videotaped deposition. However, no new trial was required, because the defendant did not object on the record to the judge’s absence and could not demonstrate any resulting prejudice. In this case, the plaintiffs’ attorney immediately objected to the judge’s announced departure from the G.L.c. 93A bench trial.